NELLIE KELLEY *vs.* ZEPHERIN THIBODEAU,

AND

MANNING R. KELLEY *vs.* SAME.

Oxford.    Opinion November 1, 1921.

*An owner of an automobile who allows an inexperienced and unlicensed person*
*to drive his automobile, in the owner's presence and under his control, at an*
*unreasonable and dangerous rate of speed with little regard for rights of*
*pedestrians who conduct themselves as ordinarily prudent persons under*
*like circumstances, is liable in damages if an accident occurs due to*
*negligence of such driver as if it had been his own negligence*
*that caused it.    Damages not excessive.    Motion for*
*new trial on newly discovered evidence based on*
*evidence of too trivial character.*

Two actions to recover damages, for injuries received by Mrs. Kelley by being struck and run over by an automobile, one action brought by herself and the other by her husband.   Both are before the Law Court on exceptions, general motion, and special motion on the ground of newly discovered evidence.

*Held:*

1.   The instructions by the presiding Justice as to defendant's liability in case the jury found the car to be driven by another but under the full control and direction of the defendant correctly stated the law and afforded no ground for exception.

2.   The requested instruction was properly refused because there was no evidence on which it could be based.   The charge covered accurately every phase of the case open under the evidence, and the defendant's rights were carefully guarded.

3.   The defendant's liability was abundantly proven.   The evidence shows that the defendant's automobile was being driven by an inexperienced and unlicensed driver, in the owner's presence and under his control, at an unreasonable and dangerous rate of speed and with little regard for the rights of pedestrians, while Mrs. Kelley conducted herself as the ordinarily prudent woman would have done under like circumstances.

4.   The damages awarded Mrs. Kelley, $4,527.90, considering the nature and extent of her injuries, cannot be regarded as grossly excessive.   Nor can the verdict obtained by the husband, $2,251.17, considering the expenses paid and the loss sustained by him.

5. The special motion cannot be sustained. It relates simply to damages and does not affect liability. Conceding that the evidence of the three new witnesses is true it is not of such character, weight and value as to create a probability of a diminished result were the cases again submitted to a jury.

On exceptions and motions by defendant. Two actions brought by wife and husband against defendant to recover damages for alleged negligence of defendant in operating his automobile, or permitting it to be operated in his presence and under his control by an inexperienced and unlicensed driver, resulting in an accident seriously injuring the wife, one of the plaintiffs. The first action is to recover damages for injury to wife, and the second action by husband is to recover expenses incurred and loss of wife's services. A verdict of $4,527.90 was returned for plaintiff in the first action, and one of $2,251.17 returned for plaintiff in the second action. Defendant requested certain instructions bearing on the liability of defendant which the presiding Justice refused, and defendant took exceptions and also excepted to instructions given by the presiding Justice on the question of defendant's liability. Defendant also filed two motions for a new trial, one a general motion, and the other a special motion alleging newly discovered evidence. Exceptions and motions overruled. Judgment on the verdicts.

Case fully stated in the opinion.

*Ralph T. Parker, and George A. Hutchins,* for plaintiffs.
*Albert Beliveau, and Matthew McCarthy,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, JJ.

CORNISH, C. J. These two actions were brought against the defendant, one by Mrs. Kelley, the wife, for injuries sustained by her when struck and run over by the defendant's automobile near the junction of Franklin and Bridge Streets in the town of Rumford on the afternoon of September 15, 1919, and the other by the husband for expenses incurred and loss of his wife's services growing out of the same accident. In the former, the wife obtained a verdict for $4,527.90, and in the latter the husband obtained a verdict for $2,251.17.

The cases are before the Law Court on defendant's exceptions, general motion and special motion.

1. EXCEPTIONS.

The uncontradicted evidence shows that on the afternoon of the accident the defendant's automobile, which he runs for the public, was standing in front of his home on Waldo Street when he was approached by one Comeau, a barber, and asked that he and his three woodsmen friends who were with him be taken for a ride. The defendant consented and left with Comeau and his friends, making a party of five in all. The defendant was at the wheel, but shortly after they started Comeau asked permission to run the car and the defendant, according to his own testimony, said "Yes, you can run the car if you don't drive fast." Thereupon they changed places, Comeau taking the wheel and Thibodeau sitting by his side. The defendant's son had given Comeau a few lessons but Comeau was not an experienced driver and he was unlicensed. They first went out into the country about one and a half miles and on their return to the business section of the town and after crossing the bridge, this accident occurred.

Upon the question of defendant's legal responsibility for the management of the car under these circumstances, the presiding Justice charged the jury as follows:

"Now I instruct you that if Mr. Thibodeau allowed Mr. Comeau to drive that car, for the purpose of teaching him how to drive or if Comeau had previously been taught by Willie Thibodeau, and he had previously driven 150 miles,—if Mr. Thibodeau, the defendant, allowed him to drive the car, simply for practice, he, Thibodeau, having full control all the time of the car, having the right to direct how it should go, and who should drive it and how it should be driven, then Mr. Thibodeau is liable just the same, if the accident was due to negligence as if it had been his own negligence that caused it; he is responsible for the negligence of this Mr. Comeau, if those facts appear to you to be shown."

This rule of law was correctly given. The defendant takes nothing by this exception.

The second exception relates to the refusal of the court to give the following request: "If the defendant allowed Comeau to use the car for the benefit of himself and friends without compensation or pay, or on Thibodeau's business, and Comeau had absolute control while driving the car, then Thibodeau is not liable." This request was properly refused. It would have been misleading if given.

The evidence did not warrant such an instruction. It was uncontradicted, as counsel for the defendant states in his brief, that Comeau asked the defendant that he and his friends be taken by defendant on the ride, not that Comeau asked the privilege of taking his friends and Thibodeau on the trip. The case contains no facts upon which such an instruction could properly be based. Moreover, the charge of the presiding Justice on the question of Thibodeau's liability for the acts of Comeau, only a part of which is given above, was full and explicit and covered every phase of the case open under the evidence. The defendant's rights were carefully guarded. This exception must also be overruled.

2. GENERAL MOTION.

Two questions are raised under the general motion for a new trial, first, that the verdicts are manifestly wrong on the issue of liability, and second, that the awarded damages are excessive.

The question of liability need not be discussed at length. As usual in this class of litigation the negligence of the defendant and the contributory negligence on the part of the injured party were sharply contested. The jury found against the defendant on both issues and we think the evidence justifies their finding. The defendant's automobile was being driven by an inexperienced and unlicensed driver at an unreasonable and dangerous rate of speed and with little regard for the rights of travelers on foot, while the plaintiff conducted herself as the ordinarily prudent woman would have done under like circumstances. A very careful study of the evidence results in leaving the blame where the jury placed it.

On the question of damages, it appears that Mrs. Kelley, a woman fifty-five years of age, was seriously and permanently injured. She was knocked down upon the street and the car containing five men struck and ran over her with such force that her clothes were torn, the soles stripped from her shoes and the rings from her fingers. She was rendered unconscious and regained her faculties so slowly that five weeks elapsed before she was able to recognize her husband. There was a temporary paralysis of the left arm. The vision of the right eye was diminished eight-tenths. The attending physician states that for the first two weeks he did not expect her to survive. She remained in the hospital from September 15 to November 9, and then continued under the care of a physician and nurse practically up to the time of the trial. In short, Mrs. Kelley, according to the

testimony, has suffered excruciating pain and has been rendered an invalid for life. Under these circumstances her verdict of $4,527.90 cannot be regarded as grossly excessive.

Mr. Kelley, the husband, recovered $2,251.17. This included the expenses at the hospital, $345.29, the amounts paid physicians and nurses $1,047.76, a total of $1,393.05, for all of which receipts were produced. This leaves $858.12 as compensation for the loss of service of the wife, who has been rendered unable to perform household labor of any consequence. This amount cannot be deemed extravagant. No evidence whatever was offered by the defendant on the question of damages, and we are not disposed to reduce the amounts awarded by the jury.

3. SPECIAL MOTION.

Subsequent to the rendition of verdict the defendant filed a motion for new trial in each case on the ground of newly discovered evidence. This motion was accompanied by a statement under oath comprising the names of three witnesses whose testimony the defendant desired, the particular facts they were expected to prove and the grounds of such expectation. The record contains the testimony of two other witnesses, not mentioned in the statement, on the point of due diligence. This evidence cannot be considered. On a motion of this nature the testimony is confined to the witnesses named in the accompanying statement. *Thompson* v. *Morse*, 94 Maine, 359; *Fitch* v. *Sidelinger*, 96 Maine, 70. However, our decision is in no way affected by this exclusion. The three witnesses named, two of whom were physicians and one a dentist, testified to certain statements made to them by Mrs: Kelley prior to the accident bearing upon her nervous condition at that time and to the further fact that she then wore glasses. Conceding that all their testimony to was true, it is not of such character, weight and value as to create a probability of a changed result were the case again submitted to the jury. It does not touch the question of liability. It relates simply to damages, and when carefully scrutinized it is found to be of the most trivial character with slight probative force upon the real issues raised here. This motion cannot be sustained.

The entry must be,

*Exceptions and motions*
*overruled.*
*Judgment on the verdicts*