PHILIP ARCARA, Respondent, *v.* MARIO MORESSE, Appellant, Impleaded with Another.

ANTOINETTE ARCARA, Respondent, *v.* MARIO MORESSE, Appellant, Impleaded with Another.

JOSEPHINE ARCARA, Respondent, *v.* MARIO MORESSE, Appellant, Impleaded with Another.

(Argued November 19, 1931; decided January 5, 1932.)

*Frank Gibbons* for appellant. While the defendant-appellant owned the automobile involved in the collision, it was not at the time of the accident being legally used or operated, with his permission. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Potts* v. *Pardee*, 220 N. Y. 431; *Rose* v. *Balfe*, 223 N. Y. 481; *Swackhamer* v. *Fallon*, 226 N. Y. 444; *Dean* v. *Metropolitan Elevated Ry. Co.*, 119 N. Y. 540; *Psota* v. *Long Island Ry. Co.*, 246 N. Y. 388; *Leppard* v. *O'Brian*, 225 App. Div. 162; *Fluegel* v. *Coudert*, 244 N. Y. 393; *Grant* v. *Knepper*, 245 N. Y. 158; *Jorgensen* v. *Jaeger*, 257 N. Y. 171; *Legenbauer* v. *Esposito*, 187 App. Div. 811; *Owen* v. *Gruntz*, 216 App. Div. 19; *Atwater* v. *Lober*, 133 Misc. Rep. 652.) The owner of an automobile has a right to restrict the use of his car as he may please and when he does so and there is a deviation from his restriction by the person to whom he loans it, he is not liable. (*Chaika* v. *Vanderberg*, 252 N. Y. 101; *Owen* v. *Gruntz*, 216 App. Div. 19; *Feitelberg* v. *Matuson*, 124 Misc. Rep. 595.)

*Ford White* for respondents. By employing the words, "legally using or operating the same," the Legislature evidently intended that liability should not be restricted to negligent driving by the bailee of the car. (*Feitelberg* v. *Matuson*, 124 Misc. Rep. 595.)

KELLOGG, J. The plaintiffs in these actions were occupants of a car with which an automobile owned by the defendant came into collision. There was evidence that the collision was occasioned by the negligence of the driver of the defendant's car. The resulting damage to each plaintiff was stipulated, and motions for a directed verdict were made by counsel for the opposing parties. Thereupon the court directed verdicts in favor of the plaintiffs against the defendant owner for the amounts stipulated.

It is conceded that, prior to the collision, the defendant owner had loaned his car to Maggio, his nephew, for his personal use; that Maggio was in the car when the collision occurred; that the car was then being driven by Barone, the friend of Maggio, with the latter's permission; that Barone was negligent; that Maggio, except as the acts and omissions of Barone were his, was not guilty of negligence. It was shown that, although the defendant owner had permitted Maggio to make use of the car for his own personal ends, his assent to such use was accompanied by instructions that Maggio must not let Barone, or any person other than himself, drive or operate the vehicle.

The question to be determined is whether or not the recoveries were authorized by the provisions of section 282-e of the Highway Law (now section 59 of the Vehicle and Traffic Law; Cons. Laws, ch. 71) which impose liability upon the owner of every motor vehicle for death or personal injuries " resulting from negligence in the operation of such motor vehicle * * * by any person legally using or operating the same with the permission, express or implied, of such owner."

We think that Maggio was at the time " using " the car, though Barone was driving, for Maggio " did not abandon the car or its use when he surrendered to another the guidance of the wheel;" he was " still the director of the enterprise, still the custodian of the instrumentality

confided to his keeping, still the master of the ship."
(Per CARDOZO, Ch. J., in *Grant* v. *Knepper*, 245 N. Y.
158, 165.) We think, also, that Maggio was at the time
using the car with "the permission" of the defendant
owner. True it is, that if the collision had occurred in a
territory where use had been expressly proscribed by
the owner, Maggio would then have been using the car
without permission. (*Chaika* v. *Vandenberg*, 252 N. Y.
101.) Nor would it have been a permitted use, if Maggio,
against the express instructions of the owner, had
employed the car to provide a pleasure trip for Barone.
(*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388.) An owner
in loaning his car may reasonably restrict the uses to
which it may be put; consequently, its employment for
a proscribed purpose cannot be a permitted use. On the
other hand, if the limiting instructions relate to the
manner of operation, such as the speeding or careless
pilotage of the car, though the instructions be disobeyed,
nevertheless the use is with "permission" of the owner.
Maggio was not instructed that Barone should not be
accepted as a guest; he was merely told that Barone
must not drive. The thing forbidden related to the opera-
tion of the car, not to the use which might be made of it.
We conclude that Maggio was "using" the car with the
"permission" of the owner.

The statement has been made that throughout the
Highway Law (Cons. Laws, ch. 25) the word "operate"
is used as signifying a personal act in working the mechan-
ism of a motor vehicle. "The driver operates the car for
the owner, but the owner does not operate the car unless
he drives it himself." (Per POUND, J., in *Witherstine* v.
*Employers Liability Assur. Corp.*, 235 N. Y. 168, 172.)
These words were written, and the case decided prior to
the introduction into the Highway Law of section 282-e,
through the enactment of chapter 534 of the Laws of 1924.
In so far as the quoted words carry the implication that,
to "operate" a motor vehicle, one must himself manipu-

late the steering wheel, they cannot be regarded as conclusively determining the significance of the word " operation " or the word " operating " as employed in the section. This, not only for the reason that the section had not been enacted when the case was decided, but because there is self-contained in the statute a word combination belying the signification which the words quoted from the case might otherwise be thought to impress upon the statutory words. To bind the owner, there must be " negligence in the operation " of the motor vehicle; but the negligent act may be performed either " by any person legally using " the motor vehicle, or by any person " operating the same." Thus, the legal user may be guilty of negligence in " operation," though not " operating " the car, in the sense that he is driving with his own hands. The clear implication is that, if the legal user at the time be present in the car, still " the director of the enterprise," still " the master of the ship," the operation of the car is his operation, though the hands at the wheel are those of a substitute, and the negligent driving will bind the owner, with whose permission the car is used. That such is the meaning of the statute is indicated by the opinion in *Grant* v. *Knepper* (*supra*), when it was said: " We think the effect of the statute is to read into our law the rule of liability laid down in *Geiss* v. *Twin City Taxicab Co.* (120 Minn. 368) " (p. 165). This is the rule to which reference was made: " We approve the rule that, when the master entrusts the performance of an act to a servant, he is liable for the negligence of one who, though not a servant of the master, in the presence of his servant and with his consent negligently does the act which was intrusted to the servant." (*Geiss* v. *Twin City Taxicab Co.*, 120 Minn. 368, 371.) There were cases at the common law, other than *Geiss* v. *Twin City Taxicab Co.* (*supra*), which lend support to the rule as stated. Such was the case of *Booth* v. *Mister* (7 C. & P. 66), in which Lord ABINGER said: "As the defendant's

servant was in the cart, I think that the reins being held by another man makes no difference;" and such the case of *Simons* v. *Monier* (29 Barb. 419, 422), involving the liability of a master for the negligence of a servant in causing a bonfire to be lighted by his son, where the court said of the servant: " It was his immediate personal act, for although it was done by the hand of the son, the hand was directed, guided and controlled by the mind and will of the father." We think that, in our case, there was " negligence in the operation " of the motor vehicle, committed by " a person legally using " it, with " the permission " of the owner, so that the owner, under section 282-e, became liable for the damage done.

The judgment in each action should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgments affirmed.