KENNETH N. DEVITT, Plaintiff, *v.* CONTINENTAL CASUALTY COMPANY, Defendant.

Supreme Court, Madison County, June 21, 1934.

*Albert F. Devitt*, for the plaintiff.

*Quinn, Higgins & Tormey*, for the defendant.

PERSONIUS, J. Joseph H. Bennett was the owner of an automobile covered by a liability policy issued by the defendant. While Mr. Bennett was on a joint business and pleasure trip, accompanied by his family, he asked his son Bertram, then *fourteen* years of age, to drive. While the son was driving, and due to his negligence, the plaintiff was struck by the automobile and received personal injuries. The insured owner was liable under section 59 of the Vehicle and Traffic Law.

The plaintiff sued Joseph H. Bennett and recovered a judgment. Though notified of the suit, the defendant insurer disclaimed and did not defend. An execution issued on the judgment having been returned unsatisfied, the plaintiff now sues the insurer under section 109 of the Insurance Law. That section provides in substance that where an execution against the insured is returned unsatisfied, the judgment creditor may maintain an action against the insurer " under the terms of the policy for the amount of the judgment not exceeding the amount of the policy."

The question here is as to the liability of the insurer under the terms of the policy and said section 109.

The son who was driving was fourteen years of age, had no license, could not legally obtain one and, of course, could not legally drive or operate a car upon the public highway. In doing so he was then guilty of a misdemeanor. (Vehicle & Traffic Law, §§ 20 and 70.) The policy provides: " This insurance is subject to the following conditions and failure on the part of the Assured to comply therewith * * * shall forfeit the right of the Assured *or of any judgment creditor* of said Assured to recover hereunder." (Italics mine.) One of the conditions is: " The Assured will not * * * permit any such motor vehicle to be operated (a) by any person under the age limit fixed by law * * * or who for any reason is not permitted by the Laws of the State of New York to operate or drive motor vehicles." This condition was clearly violated.

But the plaintiff contends that under section 109 of the Insurance Law an insurer cannot limit its coverage and exclude liability even where the person driving with the owner's consent is under age and, therefore, driving illegally.

Section 59 of the Vehicle and Traffic Law makes an owner liable for the negligence of a person " legally using or operating " the owner's automobile " with the permission, express or implied, of such owner." Section 109 of the Insurance Law *requires* every automobile liability policy to cover the owner against this statutory liability. If the policy does not expressly cover such liability, it is by said section 109 " deemed " to cover it. Therefore, the

plaintiff says a policy if issued at all *must* cover the owner's liability for the negligence of a person operating with the owner's consent, even though the operator be under the legal driving age. In short, plaintiff contends that there can be no limitation on the coverage for liability imposed on an owner by section 59 of the Vehicle and Traffic Law. He relies on *Bakker* v. *Ætna Life Ins. Co.* (264 N. Y. 150). But the limitation in the policy there construed did not depend on the age of the operator. The policy there attempted to limit its coverage to liability when the automobile was driven or occupied by the owner. Under its terms the driver might be an adult, experienced, licensed operator or chauffeur, legally operating, still if the owner was not present, the policy would not cover. The court held that the limitation was in violation of the law, an attempt to nullify section 109 of the Insurance Law and, therefore, ineffective. In the present case the policy excludes from its coverage, not a lawful but an unlawful act, namely, driving under age. The distinction is well pointed out in *Weiss* v. *Preferred, etc., Ins. Co.* (241 App. Div. 545, 549). *Bakker* v. *Ætna Life Ins. Co.* (*supra,* 155) recognizes an insurer's right in some instances to limit its liability under section 109 of the Insurance Law. We think the condition of the policy here is legal and not violative of said section. (*Brustein* v. *New Amsterdam Casualty Co.,* 255 N. Y. 137, 143; *Coleman* v. *New Amsterdam Casualty Co.,* 247 id. 271; *Lavine* v. *Indemnity Ins. Co.,* 260 id. 399, 407; *S. & E. Motor, etc., Corp.* v. *N. Y. Indemnity Co.,* 255 id. 69, 71; *Hudak* v. *Union Indemnity Co.,* 108 Conn. 598; 143 Atl. 885; *Gerka* v. *F. & C. Co.,* 251 N. Y. 51, 56; *Weiss* v. *Preferred, etc., Ins. Co.,* 241 App. Div. 545; *Wagoner* v. *Fidelity & Casualty Co.,* 215 id. 170; affd., 253 N. Y. 608; *Letson* v. *Sun, etc., Co.,* 147 Misc. 690; *Jones* v. *American, etc., Co.,* 141 id. 88; *Williams* v. *Nelson,* 228 Mass. 191; 117 N. E. 189; *O'Connell* v. *New Jersey, etc., Co.,* 201 App. Div. 117, 121.)

Said section 109 in effect places the plaintiff here in the shoes of the insured, Joseph H. Bennett. "As regards statutory and contractual provisions relating to the rights and remedies of the injured person in respect of insurance voluntarily, and not compulsorily carried, it is almost axiomatic that any defense * * * depending on the construction of the coverage provisions of the policy that could have been successfully invoked against insured, is equally available against the injured person." (85 A. L. R. 65; *Brustein* v. *New Amsterdam Casualty Co.,* 255 N. Y. 137, 143; *Gerka* v. *F. & C. Co.,* 251 id. 51, 54; *Georgia Casualty Co.* v. *Boyd,* 34 F. [2d], 116, 118; *Coleman* v. *New Amsterdam Casualty Co.,* 247 N. Y. 271, 275.) To sustain plaintiff here would place him in a more favorable position than the insured.

It appears that the insured was, at the time of the accident, present in his automobile, sitting with the driver. The plaintiff very earnestly argues that the *insured, and not his son,* was, therefore, " actually operating this car " and that the condition of the policy was not violated notwithstanding the son was performing the physical act of driving. Authorities are cited construing section 59 of the Vehicle and Traffic Law, where the courts have said that an owner or his servant or bailee who is in the car, but not driving, is still in control of, in charge of, the director of, the custodian of or using, the automobile. (*Grant* v. *Knepper*, 245 N. Y. 158; *Gochee* v. *Wagner*, 257 id. 344; *Glennie* v. *Falls, etc., Inc.*, 238 App. Div. 7; *Arcara* v. *Moresse*, 258 N. Y. 211.) We think no case has held that an automobile is " operated," *as that word is used in this policy,* by the owner merely because he is an occupant of the automobile. The contrary was held in *Witherstine* v. *Employers, etc., Corp.* (235 N. Y. 168, 172), where the court said: " The word ' operate ' is used throughout the statute as signifying a personal act in working the mechanism of the car. The driver operates the car for the owner, but the owner does not operate the car unless he drives it himself * * *. Obviously the word is used in the policy in the same sense in which it is used in the Highway Law." In *O' Tier* v. *Sell* (252 N. Y. 400) the court said (at p. 404): " We do not overlook the fact that in the meanwhile [since the decision in *Witherstine* v. *Employers, etc., Corp., supra*] the Legislature by section 282-e of the Highway Law (now section 59 of the Vehicle and Traffic Law) had enlarged the responsibility of the owner of a motor vehicle to cover injuries caused by the negligence of a person operating the vehicle with the owner's permission. *In that section certainly the Legislature used the word ' operate ' as signifying ' a personal act.' "* (Italics mine.) The plaintiff relies principally upon *Arcara* v. *Moresse* (*supra,* 211, 214), where the court, again referring to *Witherstine* v. *Employers, etc. Corp.* (*supra*), said: " These words were written, and the case decided prior to the introduction into the Highway Law of section 282-e." The words there used " cannot be regarded as conclusively determining the significance of the word ' operation ' or the word ' operating ' as employed in the section." The court evidently overlooked its language in *O' Tier* v. *Sell* (*supra*), written long after section 282-e was enacted. However, in *Arcara* v. *Moresse* (*supra*) the court continued (at p. 215): " Thus, the legal user may be guilty of negligence in ' operation,' though not ' operating ' the car, in the sense that he is driving with his own hands. The clear implication is that, if the legal user at the time be present in the car * * * the operation of the car is his operation, though the hands at the wheel are those of a substitute,

and the negligent driving will bind the owner with whose permission the car is used." Applying that language literally to the present case, the operation of the car by the owner's son was the former's operation. But we have been warned that we may not pluck certain language of an opinion from its setting of facts and rely on it as stating abstract or general law applicable to another setting, another state of facts. Every opinion is to be read with regard to the facts in a case and the question actually decided. In the *Arcara* case, as in the other cases cited by the plaintiff construing the words " operating " or " operate," the court was construing the statute and giving effect to those words in the setting given them in the statute. As it pointed out, it based its decision upon the wording of the statute and language " self-contained in the statute." The court was defining a " user " who is in control of the car by reason of the consent of the owner, not a " user " who is in control by reason of his ownership. We are construing the words " operate " and " operate or drive " as they are used in the policy, the contract made by the parties.

Even if we should hold that the automobile was " operated " by the insured owner because he was in it, was not his son also operating the automobile? He was behind the wheel, guiding the vehicle and manipulating its mechanism. If the owner was technically operating, the fourteen-year old son was actually operating and driving, and the policy thereby forfeited.

We conclude that the accident resulting in the plaintiff's injury falls within the condition of the policy and that neither the insured nor the plaintiff, his judgment creditor, is entitled to recover thereunder. The complaint must, therefore, be dismissed, with costs. Pursuant to section 440-a of the Civil Practice Act, the court renders a general verdict of no cause of action.