Fred H. Taylor and Others, Plaintiffs, *v.* United States Casualty Company, Defendant.*

Supreme Court, Monroe County, May 2, 1935.

* Affd., 245 App. Div. 800.

608

*Maurice J. Kaman* [*Adolph J. Rodenbeck* of counsel], for the motion.

*Harris, Beach, Folger, Bacon & Keating* [*Charles S. Wilcox* of counsel], opposed.

KNAPP, J. This action is brought by the plaintiffs against the defendant to recover the sum of $10,590.55, with interest thereon from the 9th day of October, 1934, besides the costs and disbursements of the action.

The facts stated in the plaintiffs' complaint, briefly, are as follows: That on or about the 7th day of June, 1933, the defendant issued its policy of insurance to one Charles H. Strong in an amount not to exceed $20,000, insuring him against claims arising out of bodily injury or death of one person or loss of services, under which policy the defendant's total liability was limited to the sum of $30,000. That said policy of insurance contained the following provision:

" This policy shall exclude any obligation of the Company

"(a) Under any of the above agreements while any described automobile is being driven in any race or speed test or by any person under the age fixed by law or under the age of fourteen (14) years in any event."

On or about the 12th day of May, 1934, the automobile owned by Charles H. Strong and covered by this policy of insurance was being operated and driven by one Harmon V. Strong, with the knowledge, consent and permission of Charles H. Strong. It became involved in a collision with an automobile operated by Leon F. Mott, one of the plaintiffs, and in which automobile at the time were these other plaintiffs. As a result of such collision, these plaintiffs were injured and thereafter sued Mr. Strong, the owner of the automobile, and his son for damages, and recovered

a judgment against them in the amount of $10,590.55. That thereafter the Strongs took the benefit of the Bankruptcy Act, an execution was returned unsatisfied as against them, and this action is now brought upon this policy of insurance against the defendant.

The defendant alleges in its answer that at the time of the accident referred to in the complaint the automobile described in the defendant's policy of insurance was being operated by one Harmon V. Strong, who was at that time seventeen years of age and possessed of a so-called junior operator's license, that he had no other operator's license, and that the accident occurred shortly after midnight on or about the 12th day of May, 1934, while the said Harmon V. Strong was driving the insured's automobile, covered by the defendant's policy of insurance, from the city of Rochester where he had been engaged in entertaining a friend of his to the home of his father, the owner of the automobile. These facts are not denied. It is also alleged in the defendant's answer that at the time and place of the accident the driver, Harmon V. Strong, was not operating the said automobile in driving to and from school, neither was he operating it in the usual and ordinary pursuit of the business of his parent or guardian, and that he was operating it between the hours of one-half hour after sunset and one-half hour before sunrise, and that he was not at the time of the accident accompanied by his parent, guardian or person with whom he actually resided, or the husband or wife of the parent, guardian or person with whom he actually lived or resided. These facts, also, are not denied.

The question in this motion revolves around the words in the defendant's policy " or by any person under the age fixed by law." It is claimed by the plaintiff in this action that this refers specifically to the age of the operator. The position taken by the defendant is that at the time that this young man had the accident he had no license to drive this automobile, that it was contrary to the provisions of his junior license, and that, therefore, he was operating the automobile illegally, and, being under the age of eighteen years, his acts were the acts of a person operating an automobile under the age fixed by the law of the State of New York.

" It is settled * * * that, when an insurance contract is so drawn as to be ambiguous, or to require interpretation, or to be fairly susceptible of two different constructions, so that reasonably intelligent men on reading the contract would honestly differ as to the meaning thereof, that construction will be adopted which is most favorable to the insured. But the rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and, if they are clear and unambiguous,

their terms are to be taken and understood in their plain, ordinary and popular sense." (*Imperial Fire Ins. Co.* v. *Coos County,* 151 U. S. 452, 462; 14 S. Ct. 379, 381; 38 L. Ed. 231.)

In the case of *United States Fidelity & Guaranty Co.* v. *Guenther* (281 U. S. 34, 35; 50 S. Ct. 165, 166; 74 L. Ed. 683; 72 A. L. R. 1064) the policy contained the following conditions: " Shall not cover any liability of the assured while [the automobile is] being operated by any person under the age limit fixed by law or under the age of sixteen years in any event."

It will be observed that the language used in the first part of the sentence is very similar to the language used in this policy of insurance. The United States Supreme Court, in passing upon the validity of such a provision, used this language: " The plain and evident purpose of the clause was to prevent the Company from being held liable for any accident occurring while by reason of the age of the operator the automobile was being operated in violation of law. To that end liability was excluded when the operator was under ' the age limit fixed by law.' "

Under the laws of this State, it would have been necessary for Mr. Strong to have been eighteen years of age in order to have operated this car legally within the city of Rochester at the time and place of this accident, and no license could have been granted to him to operate this car, as above, under that age. (Vehicle and Traffic Law, § 20.)

Undoubtedly, the Legislature had in mind, when it authorized the issuance of junior licenses, the special need for the issuance of those licenses in certain restricted cases. It surrounded such licenses with certain restrictions. At the time and place of this accident the operator had no legal right to operate this car. He was, therefore, at the time of such operation an unlicensed operator because of his age. He was operating this car unlawfully and contrary to law. As to this the insurance contract excluded its coverage. (*Jones* v. *American Employers' Insurance Co.,* 141 Misc. 88; *Letson* v. *Sun Indemnity Co.,* 147 id. 690; *Weiss* v. *Preferred Accident Insurance Co.,* 241 App. Div. 545; *Devitt* v. *Continental Casualty Co.,* 154 Misc. 603.)

The plaintiffs insist that this restrictive provision of the defendant's policy is violative of section 109 of the Insurance Law, and according to that section this provision of the statute is deemed written into the policy: " No such policy shall be issued or delivered in this State on or after July first, nineteen hundred and twenty-four, to the owner of a motor vehicle, by any corporation or other insurer authorized to do business in this state, unless there shall be contained within such policy a provision insuring such owner against

liability for damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

And the plaintiffs also cite to me as supporting that proposition the case of *Bakker* v. *Ætna Life Insurance Co.* (264 N. Y. 150, 156). In that case the policy of insurance issued by the defendant contained the following indorsement: " It is agreed that the automobiles described herein shall be personally driven only by James D. Ryan or by any person within the age limit provided by the policy when accompanied by such named driver." The accident occurred while the car was driven with Ryan's consent, but the person driving it was not accompanied by Ryan. There was no illegality in the driving of the car involved in this case. The court held that section 109 of the Insurance Law covered this restrictive provision of the policy and rendered it null and void as to the insured.

In this case we have an entirely different situation. Here the operator of this car was not either using or operating it at the time of the accident legally. The statute uses this language, " by any person legally using or operating the same with the permission, express or implied, of such owner."

The distinction between the *Bakker* case and the one at bar lies in the fact that in the case here in question there was a violation of law which the policy expressly excluded from coverage, and which section 109 of the Insurance Law did not cover, while in the *Bakker* case the terms of the policy violated the provisions of section 109 of the Insurance Law. This distinction is borne out by the court in *Weiss* v. *Preferred Accident Insurance Co.* (241 App. Div. 545, at p. 548), and *Devitt* v. *Continental Casualty Co.* (154 Misc. 603).

The purpose and object of section 109 of the Insurance Law is stated in the case of *Brustein* v. *New Amsterdam Casualty Co.* (255 N. Y. 137).

The motion must be denied, with ten dollars costs.