NORMAN LAMICA, Respondent, v. KATHERINE M. VOLLMER, as Executrix of CHARLES H. VOLLMER, Deceased, Doing Business under the Name of VOLLMER TRANSPORTATION COMPANY, Appellant.— Defendant has appealed from a judgment of the Essex Trial Term of Supreme Court in plaintiff's favor for the sum of $40,924.31, and from an order denying her motion for a new trial. The principal contentions of defendant are that plaintiff was riding in a truck owned by her and operated by one of her employees without her permission, express or implied, that the truck was not negligently operated and that the verdict of the jury is excessive. Defendant's answer admits ownership of the truck involved and the occurrence of the accident. The defendant's truck was being driven from Warrensburg, New York, to Westport, New York. At Warrensburg, defendant's driver requested plaintiff

to accompany him on the trip because, as plaintiff testified, the driver said he was not feeling well. Under the evidence, the jury could have legitimately inferred that plaintiff's presence in defendant's motor vehicle was not in violation of the Public Service Commission's rule 12 respecting the carrying of passengers. Only questions of fact are presented. Judgment and order affirmed, with costs. Hill, P. J., Heffernan and Brewster, JJ., concur; Foster, J., dissents, in a memorandum in which Lawrence, J., concurs: Defendant operated a fleet of trucks with permission of the Public Service Commission and under its certificate of convenience and necessity. A rule of the commission provided: "12. *Carrying Passengers.* No person other than actual employees of an operator shall be carried on any motor vehicle operated under a certificate or permit." Plaintiff in this case was a passenger in one of defendant's trucks when he was injured. He was there at the invitation of the driver. There is no proof whatever in the record that he became a passenger with the defendant's assent, express or implied. It is sought to hold the defendant upon the theory that a presumption of assent arose under section 59 of the Vehicle and Traffic Law. Undoubtedly proof of ownership created a presumption that the truck was being operated with the defendant's consent, but does this presumption include permission to the driver to invite a passenger? I think not, at least in the face of a rule of the Public Service Commission which has the same force as a statute. There can be no presumption that an owner has violated the law. The necessity of assent was mentioned in *Cohen* v. *Neustadter* (247 N. Y. 207) but not passed upon for there assent was given. I dissent and vote to set aside the judgment and dismiss the complaint.