## Cacchione, etc., et al. v. The Metropolitan Insurance Company of New York, etc.

*John M. Wolford, John A. Blackmore,* and *John J. Galbo,* for plaintiffs.

*Quinn, Leemhuis, Plate & Dwyer,* for defendant.

EVANS, P. J., June 3, 1953.—This matter is before the court on motion for judgment non obstante veredicto after a verdict for plaintiff in the amount of $1,098.41. This award by the jury was for the amount

of hospital and medical expenses incurred by plaintiff in an accident which took place May 27, 1950. At the time of the accident plaintiff was driving a 1941 Oldsmobile two-door sedan owned by Chris De George, Sr., who at that time had an automobile insurance contract issued to him by defendant company under which the company agreed to pay such medical expenses in the circumstances here existing had they been incurred by Chris De George, Sr. The company also contracted to pay such damages "to any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

There is no contention here that the insured gave plaintiff, on May 26, 1950, express permission to use the automobile; in fact, the insured testified that he told his son, Chris De George, Jr., not to let anybody else operate the car but himself and that to his knowledge plaintiff never operated this automobile prior to May 26, 1950. The record of testimony, however, shows facts from which it is contended there was in previous conduct of the insured that from which his permission for plaintiff's use at the time of the accident could be inferred. On this theory the question was submitted to the jury which found in accordance with this contention and our problem now is to determine whether or not the proof offered was sufficient to warrant the court's submission of that question to the jury.

There is no doubt but what Chris De George, Jr., had express and unlimited authority to personally use his father's automobile and exercised that right at all times except weekends when Chris DeGeorge, Sr., used the automobile for his own purposes. Had he received the injuries, while using the vehicle, the

insurance coverage would have been effective: Randig v. O'Hara et al., 123 Pa. Superior Ct. 251.

Nor is there any doubt that at the time of the accident plaintiff was using the automobile with the permission of Chris De George, Jr. Early in the evening they went to a dance with many young friends and at the dance hall, Chris De George, Jr., gave the keys of the automobile to plaintiff, knowing that he intended to drive a group of young people to Dunkirk, N. Y., about 30 or 40 miles away. Chris De George, Jr., did not go with this party but went with another group to Findley Lake. Plaintiff and his party left the dance some time after 11 o'clock and after visiting a restaurant in Dunkirk, N. Y., started the journey back to Erie, Pa. An accident occurred and plaintiff's damages were suffered while he was driving the automobile.

To bring himself within the classification of a person with "permissive use" of the automobile at the time of the injuries plaintiff showed that he and Chris De George, Jr., had been close personal friends for several years, and that for sometime prior to May 27, 1950, he had been employed as an apprentice plasterer for the insured, Chris De George, Sr.; that he many times while at work during the daytime had been directed by the insured to use this car to get "some milk or something". On these occasions he was the direct agent of Chris De George, Sr., who gave him money to purchase whatever was desired. The use for a specific purpose affords no protection to a bailee under this clause of insurance coverage when such bailee uses the vehicle for his own purpose and beyond the privilege accorded him by the owner: Laroche v. Farm Bureau Mutual Automobile Insurance Co., 335 Pa. 478; Freshkorn v. Marietta et al., 345 Pa. 416. He had learned to drive with this automobile

and had been allowed off early to go with Chris De George, Jr., the day he took his driver's test. There was no testimony given that while learning to drive he was unaccompanied by a licensed driver as required by law, and we therefore cannot assume otherwise.

In response to a question as to whether or not at other times he drove the Oldsmobile, he answered, "Many times we would be out." "Junior and I would be out." He stated that they would go out many nights and when Chris De George, Jr., would get tired of driving he would say:

"Take over. And I would drive it for a while or I would drive him home."

When asked whether there were any conversations with Mr. De George, Sr., relative to his having driven, plaintiff answered, "Yes. Many times at work the next day when we would be working around there and he would mention me driving the car the night before and Mr. De George never said anything about it and never complained about it or anything."

Plaintiff also testified that the insured had once or twice permitted him to use a truck over night for his personal use. The insured denied this and the truck was not included in defendant's coverage but the court permitted the testimony to be given over objection of the defendant with the thought that it might throw some light on the insured's attitude towards plaintiff's using his property.

In our opinion the above-recited previous instances are insufficient to support the contention that plaintiff had implied permission of the insured to use his automobile for plaintiff's own purposes. There is nothing in the record of testimony to show that plaintiff had ever previously been in exclusive and unrestricted possession of the car. The conversations relied on in the presence of the insured referred only to occasions when Chris De George, Jr., was present and in control

of the vehicle. Had Chris De George, Jr., been with plaintiff, although not driving at the time of the accident, the coverage might then have been effective because insured's son would still be the custodian of the vehicle with permissive use even though plaintiff was driving: Arcara v. Moresse, 258 N. Y. 211, 179 N. E. 389. This case is cited with approval in Glens Falls Indemnity Co. v. Zurn et al., 87 F. 2d 988, where the court commented however that under such circumstances had the mission been one of the invitee the coverage would not apply. It cannot be inferred from the fact that Chris De George, Jr., had the right to use the automobile that this right could be delegated by him. Cronan v. Travelers Indemnity Co., 126 N. J. L. 56, 18 A. 2d 13. It is a well recognized rule of law that insurance contracts are construed most strictly against companies which prepare and do business by virtue of them but there must be affirmative proof of permission either expressed or through circumstances present making such permission reasonably inferred before the benefits here claimed can be allowed. Where no direct permission to use is shown there must be existing facts from which it can be reasonably inferred that the assured permitted the use of his vehicle at the time, place, and under the circumstances of the accident. In Brower to use v. Employers' Liability Assurance Company, Ltd., 318 Pa. 440, Judge Drew in his concurring opinion stated:

"The 'use or operation . . . with the permission of the named assured' refers to the time of the casualty and not to the time of granting consent." To make the coverage effective under the circumstances in this case, we would be required to assume that it was satisfactory to the insured that the plaintiff would use his automobile for plaintiff's unlimited personal use and pleasure with such company, under such circumstances, and to whatever extent he chose. To exaggerate

the situation somewhat, this permission must be considered to be so general as would allow plaintiff to use the insured's automobile not only to go 30 or 40 miles into an adjoining State but possibly to New York City or Chicago.

We are of the opinion that there was insufficient evidence presented at the time of trial to warrant the submission of the question of implied or inferred permissive use by plaintiff at the time of the accident, and that on the record, judgment must be entered for defendant.

### Order

And now, to wit, June 3, 1953, the rule to show cause granted January 15, 1953, on defendant's motion for judgment non obstante veredicto is made absolute.