■ IZORA S. BURMASTER, Appellant, v. STATE OF NEW YORK, Respondent. — Appeal by the claimant from a judgment of the Court of Claims dismissing her claim for damages for personal injuries. The claimant's injuries were sustained when she was involved in an accident while riding with her husband in a car owned by the State. Her husband was assigned the State car in his position as District Game Protector. It is quite clear, as the court found below, that the accident was caused by the negligence of the claimant's husband and that the claimant was free from contributory negligence. The court below appears to have dismissed the claim because the presumption that the car was being driven with the State's consent was overcome, in that the State had neither actual nor implied knowledge that the claimant was riding in the car as a passenger. This would be on a wholly erroneous theory because the claimant had no duty to prove that the State had knowledge of the claimant's riding in the car as a passenger. The issue is was the presumption overcome by a written directive prohibiting claimant from riding with her husband in the State's car. The claimant-appellant maintains that she was lawfully a passenger in the car operated by her husband on State business; that she was not required to show that the State had knowledge of her presence there and that there is no basis for the finding by the court that her husband was driving the car without the permission of the owner. Under section 59 of the Vehicle and Traffic Law a presumption arises, once ownership of the automobile is shown, that it was being driven with the permission of the owner. The essential question here is not whether the State had notice that the claimant was a passenger in its car but rather, whether it has overcome the presumption that the car was being driven with its permission. Regardless of whether the State had either express or implied knowledge of the claimant's presence in its car, if the car was driven with its permission, then it is responsible. Under the common law if a servant while driving his master's car within the scope of his employment invited a passenger to ride, in the face of an order by his master to the contrary, he acted outside the scope of his authority and the master was not responsible for a resulting injury to the passenger (*Rolfe* v. *Hewitt*, 227 N. Y. 486). It has been held that section 59 of the Vehicle and Traffic Law does not extend the liability of the owner beyond the ordinary liability of a master for the acts of his servant within the course of his employment (*Psota* v. *Long Is. R. R. Co.*, 246 N. Y.

388). Section 59 does state that the owner shall be responsible for damages caused by the negligent use or operation of the vehicle "in the business of such owner or otherwise" when it is being used with his permission. However, it is clear that when allowing his car to be used by another the owner may restrict its "use" (*Arcara* v. *Moresse*, 258 N. Y. 211), and an order by the owner that no passengers were to be carried would seem a valid restriction which if violated would mean that the car was being driven without the owner's permission. The State introduced in evidence a letter which Mr. Burmaster's superior testified was sent to him and although Burmaster denied receiving it, the court below found that he had. The letter which was sent on April 4, 1950 pertained to the use of State owned cars by employees to carry members of their family to their places of work. This practice was ordered discontinued and employees were also ordered not to carry anyone who did not tie in with the work to be performed which involved the use of the car. The question presented, therefore, is whether this directive prohibited the presence of the claimant in the car with her husband at the time of the accident. Mr. Burmaster testified that on the day of the accident he was proceeding to Massena on State business connected with his job. He further testified that on the morning of the accident he had not felt too good and he took his wife along to help with the driving as she often did. No attempt was made to shake this testimony or to in any manner contradict it. The court below refused to find that Mr. Burmaster was on State business and had invited his wife to accompany him even though this was a finding submitted by the State. The State on this appeal argues that Mr. Burmaster's testimony was contradicted by the claimant who stated that he had asked her to accompany him prior to the day of the trip. Mr. Burmaster testified that he did not feel good on the morning of the trip and that he took his wife along to help him drive. It would seem very possible that a person of Mr. Burmaster's age, 69, would expect to tire on a long trip such as this, from Saranac Lake to Massena, and that if his wife were accustomed to helping him drive he would have mentioned the trip to her before the morning when they left. It has been stated that: "Where, however, the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to it conclusiveness." (*Hull* v. *Littauer*, 162 N. Y. 569, 572.) It appears, therefore, that the uncontradicted evidence which is in no way surprising or suspicious indicates that the claimant's presence in the car on the day of the accident did directly connect and aid with her husband's use of the car on State business. (*Lamica* v. *Vollmer*, 270 App. Div. 1063, affd. without opinion 296 N. Y. 660.) Thus the finding of the court below that the car was being driven without the State's permission was improper and must be reversed. The injuries received by the 70-year-old claimant-appellant consisted of a cerebral concussion, linear fracture of the skull, laceration of the scalp, and an impacted comminuted fracture of the tibia and fibula of the left leg. She was confined to hospitals for 16 days and at her home for about three months, suffering severe pain. She was left with thickening, enlargement, deformity, bowing and decreased function of the left knee, which her attending surgeon testified left a 15% limitation in flexion of the left leg. That she was left with a knee which is somewhat stiff and unstable. That the limitation of the use of the knee is between 35 and 50%. That she was left with a permanent limp and a defect in her gait. Previous to the accident she had been employed earning $500 a year. In our view she is entitled to an award of $15,000. Judgment reversed on the law and the facts and claimant awarded the sum of $15,000, with costs. Settle order. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.