Everett M. GRAY and Geraldine Ann Gray, Infant, by Everett M. Gray, father and next friend, Appellants,

v.

CITIZENS CASUALTY COMPANY OF NEW YORK, Appellee.

No. 8119.

United States Court of Appeals Fourth Circuit.

Argued Nov. 10, 1960.

Decided Dec. 21, 1960.

Rehearing Denied Feb. 10, 1961.

William W. Travers and John W. T. Webb, Salisbury, Md. (Webb & Travers, Richardson & Pollitt, and K. King Burnett, Salisbury, Md., on brief), for appellants Frederick J. Green, Jr., Baltimore, Md. (Alva P. Weaver, III, and Lord, Whip, Coughlan & Green, Baltimore, Md., on brief), for appellee.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and BRYAN, District Judge.

SOBELOFF, Chief Judge.

Lawson B. Ewell, having been held responsible for an automobile accident and being unable to pay the resulting damages, his automobile driver's license was suspended by the Commissioner of Motor Vehicles of Maryland. Thereupon, to comply with the requirements of the Maryland "Motor Vehicle Financial Responsibility" law and to have his license restored, Ewell applied to Citizens Casualty Company of New York for a policy. He failed to disclose to the Company the full extent of his record of violations of the Motor Vehicle Law and,

contrary to fact, represented in his application that he was not the owner of any motor vehicle. The company issued him an operator's policy in accordance with Article 66½, section 140 of the Maryland Code (1957), which reads as follows:

"§ 140. *Operator's* insurance policy.

"When the person required to give proof of financial responsibility is not the owner of a motor vehicle, such person may give proof of financial responsibility as required by this article by means of an *operator's* policy of insurance, insuring such person in the *operation* of any motor vehicle. (An.Code, 1951, § 136; 1943, ch. 1007, § 121.)" (Emphasis supplied.)

During the period for which this policy was written, the plaintiffs, Everett M. Gray and his daughter Geraldine Ann, sustained injuries in a collision between an automobile in which they were passengers and one owned by the insured and his wife, negligently driven by the wife, with Ewell in the automobile beside her. Judgments aggregating $41,200 were recovered by the Grays against the Ewells. These judgments remaining unpaid after levy of execution, the plaintiffs sued the insurer on the policy in a Maryland state court from which, because of diversity of citizenship of the parties, the case was removed to the United States District Court for trial.

At the conclusion of all the evidence the defendant moved for judgment on the ground that at the time of the accident Mr. Ewell was not the operator of the vehicle. In passing on the motion, the District Judge recognized that Ewell's falsely representing to the insurance company that he did not own an automobile would not relieve it from liability if Ewell was otherwise *operating* the vehicle at the time of the accident. However, relying on a previous decision by this court, Inland Mutual Insurance Co. v. Stallings, 4 Cir., 1959, 263 F.2d 852, the District Judge was of the opinion that Mr. Ewell was not to be regarded as operating the car at the time of the accident, and accordingly granted the defendant's motion for judgment.

The question in the Inland case was whether an insurance company, which had issued an operator's policy to comply with section 140, could disclaim liability for damage caused by the negligence of its assured in the operation of an owned vehicle, on the ground that the policy issued to him excluded coverage while the assured operated a vehicle which he owned. This exclusionary provision of the policy was contrary to the broad terms of section 140 which provided for coverage when the insured operated *any* car regardless of whether it was owned by him. We therefore held that the policy's limitation on coverage was void and considered as deleted from the policy.

In entering judgment in favor of the defendant insurance company, the District Court in the instant case read our holding in Inland as limiting coverage to the situation where the insured is at the wheel. However, in Inland, where the assured was driving, the precise question was whether his ownership of the vehicle put the case outside the coverage. We had no occasion there to consider or decide whether one could be deemed an operator of a vehicle even though his hands were not physically on the wheel. That question is now, for the first time, before this court.

The insurance company contends that the terms "operator's" and "operation," as used in section 140, refer only to instances where the assured himself is actually the driver of the car and that the insurer should not be held liable here any more than if the assured had been merely a passenger in another's automobile. Although we have been unable to find any Maryland decision construing the terms "operator's" or "operation" as used in section 140, we have no reason to think, as defense counsel suggests, that that section was meant to limit coverage only to cases where the assured is at the wheel. To the contrary, a consideration of the decision in

Powers v. State, 1940, 178 Md. 23, 11 A.2d 909, and relevant case law in other jurisdictions convinces us that section 140 is not so restricted, but applies to an owner who, because present though not driving, is presumed in Maryland law to be in control of the vehicle and therefore liable for injuries and damages caused by the driver's negligent operation.

■ In Powers the question was whether the owner could be held liable for an injury resulting from the negligent operation of his car in which he was present though not driving at the time of the accident. The Court of Appeals of Maryland, in affirming the trial court's finding of liability stated:

"It is well established that the owner of an automobile, who is riding in it while driven by another, is not relieved of responsibility because he is not personally at the wheel, when he tacitly assents to the manner in which it is driven. * * * The owner has the right and the duty to prevent, if possible, the driver from operating the machine in a reckless and dangerous manner. * * * Therefore, in the absence of proof that he abandoned the right of control, he is liable for any damage resulting from the negligence of the driver. * * *"
[178 Md. at page 28, 11 A.2d at page 911.]

The effect of the Powers decision has been that under Maryland tort law, an owner, because of his presumed control over his car when present though not physically handling the wheel, may be held liable in the event of a collision, to the same extent as if he were manually controlling or operating the vehicle. In such a case the negligence of the driver is said to be imputed to the owner. Wallace v. Fowler, 1944, 183 Md. 97, 36 A.2d 691. However, an agency relationship is not necessary to be shown, for the failure of the owner, who is present, to exercise his presumed control makes him liable. This is recognized in 3 Maryland Law Encyclopedia section 141, where it is stated:

"In order to impose liability on a person for an injury occasioned through the *operation* of a motor vehicle, he must, aside from liability imposed by statute in some jurisdictions, either be in the actual operation thereof, *or in the control thereof*, or stand in the relation of master or principal to the person whose act proximately occasions the injury." (Emphasis supplied.)

See also 3 Maryland Law Encyclopedia § 143; 5 Md. Law Rev. 104 (1949); 60 C.J.S. Motor Vehicles § 428 b.

Certainly the Maryland legislature which enacted section 140 in 1943, three years after the Powers decision, could not have intended the anomalous result of exempting an insurer from liability under a compulsory policy where an injury to a member of the public occurred under circumstances, which under Maryland law made its assured liable as if he were the operator. This would conflict with the decision in Powers and with decisions in other jurisdictions holding that one can be held liable as an operator even though his hands are not on the wheel. The result contended for by the defendant is not to be inferred in the absence of any indication of such a purpose in the statute.

In Snyder for use of Brooks v. United States Mutual Ins. Co., 1941, 312 Ill. App. 337, 38 N.E.2d 540, the insurer disclaimed liability on a policy which provided coverage only when he *operated* the insured car, or when the car was being *operated* by a member of his immediate family of legal age, or by his licensed chauffeur. At the time of the accident the car was being driven by one not so covered, but the insured owner was a passenger. The court held the insurer liable under its policy, reasoning that the term *operated* as used in a policy of insurance provides coverage of the insured not only when he personally works the mechanism of the vehicle as its driver but also when in law he retains control.

The Snyder case, which is in conformity with the trend of decisions in many jurisdictions,[1] clearly demonstrates that one may be deemed the operator even when he does not physically manipulate the steering wheel.

■ The purpose of the Maryland Motor Vehicle Financial Responsibility Law is to provide protection to members of the public who may suffer as a result of the inability of a person of demonstrated financial irresponsibility to meet a future obligation. Citizens Casualty Co. of New York v. Allied Mutual Ins. Co., 1958, 217 Md. 494, 144 A.2d 73. This purpose would be frustrated by exempting the insurer from liability on a compulsory policy of insurance in any case where its assured is liable under the law of the state as if he were the operator. It must be remembered that in the present case such a judgment has been entered in the Maryland court against Ewell in favor of the plaintiffs precisely on this theory. The law's presumption of the owner's control from the fact of his presence was not rebutted and was made the basis of recovery.[2]

As this liability remains unsatisfied the insurer is liable in the present action.

The judgment of the District Court must accordingly be reversed and the case remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

### On Motion for Rehearing

■ In its motion for rehearing the Citizens Casualty Company of New York asks us to clarify whether on retrial it will be afforded a further opportunity to rebut the legal presumption that Lawson B. Ewell was in control of his automobile while riding in it as his wife drove. This question could have been raised in the original action of the Grays against the Ewells. The judgment for the plaintiffs in that case adjudicated the issue and it is no longer open. The fact that the insurance company elected not to participate and interpose defenses therein available, does not entitle it to litigate the point in the present action. The remand was not intended to indicate that this issue could be reopened.

Motion denied.

---

1. Kelley v. Thibodeau, 1921, 120 Me. 402, 115 A. 162; Bosse v. Marye, 1926, 80 Cal.App. 109, 250 P. 693; Arcara v. Moresse, 1932, 258 N.Y. 211, 179 N.E. 389; Wheeler v. Darmochwat, 1932, 280 Mass. 553, 183 N.E. 55; Reetz v. Mansfield, 1935, 119 Conn. 563, 178 A. 53; Monroe v. Heard, La.App.1936, 168 So. 519; Daniel v. State Farm Mutual Insurance Company, 1939, 233 Mo.App. 1081, 130 S.W.2d 244; Lavigne v. Nelson, 1941, 91 N.H. 304, 18 A.2d 832; Trans-Continental Mutual Insurance Co. v. Harrison, 1955, 262 Ala. 373, 78 So. 2d 917, 51 A.L.R.2d 917, cf. Morrow v. Asher, D.C.N.D.Tex.1932, 55 F.2d 365; Ayres v. Harleysville Mutual Casualty Co., 1939, 172 Va. 383, 2 S.E.2d 303; Twogood v. American Farmers Mutual Auto. Ins. Ass'n, 1941, 229 Iowa 1133, 296 N.W. 239.

2. In the course of the trial the plaintiffs sought to show that the same rate would have been charged for an owner's policy issued under Article 66½, section 131 of the Maryland Code (1957), as for an operator's policy. This proffered evidence was rejected by the trial court. The disposition we make of the case on other grounds makes it unnecessary to pass on the question of the admissibility of this evidence.

The plaintiffs further suggest that it is the duty of an insurer when a compulsory policy is applied for to check the records of the Commissioner of Motor Vehicles. Provision for access to such records by the insurance company is made in section 205 of Article 66½ of the Maryland Code (1957). If the insurer had thus availed itself of the opportunity afforded it by the law, it would have learned not only of Ewell's record of past violations but also of his ownership of a motor vehicle. The plaintiffs argue that the insurer is charged with any information such inquiry would have disclosed, and accordingly should have issued an owner's policy. Whatever the merits of this contention, we find it unnecessary to rest our decision on this point.