CHALLIS ET AL. *v.* COMMERCIAL STANDARD INSURANCE
COMPANY

[No. 17,514. Filed November 1, 1946. Rehearing Denied
November 21, 1946. Transfer Denied
January 15, 1947.]

*Warner, Clark & Warner,* of Muncie, for appellants.

*Bingham, Cook & Bingham,* of Indianapolis, and *Scottin & Hinshaw,* of Newcastle, for appellee.

FLANAGAN, P. J.—Appellants were the owners of three parking lots in the city of Muncie, Indiana, which they operated as a unit. Customers brought their cars

to the main lot where they were parked or from which appellants or their employees would take them to one of the other lots. In moving a customer's car from the main lot to one of the others, one of appellants' employees negligently ran into and injured one Brown.

Appellee had issued to appellants a liability insurance policy which was then in force insuring appellants against loss or expense resulting from claims upon them for damages on account of personal injuries or death accidentally suffered by any person not employed by them within or upon any one of the three parking lots or upon the sidewalks or other ways immediately adjoining said lots, or elsewhere if caused by any employee or appellants engaged as such at the parking lots and in appellants' business operated thereon, who in the discharge of his duties should be required to leave the premises.

Appellants settled with Brown and appellee consented to the settlement without admitting liability. Thereafter appellee denied liability and appellants brought this action on the policy. Trial to the court resulted in finding and judgment for appellee. The sole error here relied upon for reversal is the overruling of appellants' motion for a new trial which charges that the decision of the trial court is contrary to law.

The sole question is whether the loss here involved came within the following exception contained in the policy issued by appellee:

"The Company shall not be liable for or on account of any claim alleging such injuries and/or death: . . . Caused by the ownership, maintenance or use of a vehicle of any description . . ."

Appellants were not the owners of the automobile involved in the accident and clearly they were not engaged in any maintenance of it. The question pre-

sented then is whether they were engaged in the "use" of it according to the meaning of that word in the above quoted exception.

The word "use" is employed in more than one sense. In ordinary conversation the word may be, and sometimes is, employed in the sense of "operate" where a motor vehicle is concerned. But it is also employed in the sense of putting to service.

An insurance policy should be so construed as to effectuate indemnification to the insured rather than to defeat it; and where any reasonable construction can be placed on a policy that will prevent the defeat of the insured's indemnification for a loss covered by a general language, that construction will be given. *Masonic Acc. Ins. Co.* v. *Jackson* (1929), 200 Ind. 472, 164 N. E. 628.

In applying the above rule of construction to the policy at hand the word "use" must be interpreted as meaning to put to one's own service. Appellants were merely moving the automobile in question as a part of their parking service to the owner and were not putting it to their own service. For a somewhat similar case in which a like conclusion was reached see *Maryland Casualty Co.* v. *Beckham* (1932), 163 Miss. 836, 143 So. 886.

Judgment reversed with instructions to sustain appellants' motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 69 N. E. (2d) 178.