Andreas Lain LOFFLER, as Administrator of the Estate of Cynthia Ann Loffler, Deceased, Appellant,

v.

BOSTON INSURANCE CO., Inc., a Corporation, Appellee.

No. 1716.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 23, 1956.

Decided Feb. 17, 1956.

Rehearing Denied March 12, 1956.

Sidney M. Goldstein, Washington, D. C., with whom Joseph D. Bulman and Arthur S. Feld, Washington, D. C., were on the brief, for appellant. Samuel Z. Goldman, Washington, D. C., also entered an appearance for appellant.

Richard W. Galiher, Washington, D. C., with whom William E. Stewart, Jr., and Julian H. Reis, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Cynthia Loffler was killed in an accident while driving an automobile owned by Ralph Boernstein. At the time Cynthia was "on a date" with Mr. Boernstein's son, Robert, who had his father's permission to use the car for that purpose. Contrary to his father's express instructions that he

was not to allow anyone else to drive, Robert permitted Cynthia, an unlicensed operator, to drive while he rode with her in the car. It was while Cynthia was at the wheel that the fatal accident occurred.

This action was brought by Miss Loffler's administrator (her father) to recover the cost of her funeral expenses under a liability policy issued by defendant-insurer to Ralph Boernstein. The insurance company resisted the claim on the ground that since the car was being driven in violation of their policy-holder's express intructions, it was not "being used" with his permission, so as to bring the deceased within the coverage of the policy. The trial court entered judgment for defendant and plaintiff asks us to reverse that decision.

The question presented is whether the automobile was "being used" within the meaning of the "medical payments" provisions of the policy under which the insurer agreed to: "pay all reasonable expenses incurred * * * for * * * funeral services, to * * * each person who sustains bodily injury * * * caused by accident, while in * * * the automobile if the automobile is *being used by the named insured or with his permission.*" [Emphasis supplied.]

Both parties agree that if the car was being used with the insured's permission, plaintiff is entitled to recover. Plaintiff contends the trial court erroneously construed the word "used" to be synonymous with "operated"; and that the word "used" has a much broader meaning and should not have been given such a limited construction.

■ While there is some conflict among the courts, we think the better rule is that so long as the use as distinguished from the operation is with the permission of the insured, the insurer is liable.

This distinction was carefully noted in Persellin v. State Automobile Ins. Ass'n, 75 N.D. 716, 32 N.W.2d 644, 647, where the court in construing language similar to that here involved said: "In addition to the named insured, it [the policy] makes both persons using the automobile and persons responsible for the use thereof insured persons, if but one condition be met. That condition is that the actual use of the automobile be with the permission of the named insured. There is no condition that the *driving or operation of the car must be with the permission of the named insured,* and no condition that a person, other than the user, * * * must have the permission of the named insured." [Emphasis supplied.]

Again in Glens Falls Indemnity Co. v. Zurn, 87 F.2d 988, 989, the Seventh Circuit, speaking through Lindley, J., and referring to the status of the borrower of an automobile held that though he was not driving at the time of the accident, he had permission to "direct the enterprise". The court quoted as follows from Arcara v. Moresse, 258 N.Y. 211, 179 N.E. 389: " '* * * [the borrower] "did not abandon the car or its use when he surrendered to another the guidance of the wheel"; he was "still the director of the enterprise, still the custodian of the instrumentality confided to his keeping, still the master of the ship." * * * True it is that, if the collision had occurred in a territory where use had been expressly proscribed by the owner, [the borrower] would then have been using the car without permission. * * * On the other hand, if the limiting instructions relate to the *manner* of operation, such as the speeding or careless pilotage of the car, though the instructions be disobeyed, nevertheless the use is with "permission" of the owner. * * * *The thing forbidden related to the operation of the car, not to the use which might be made of it.*' " [Emphasis supplied.]

Additional support for this position is found in Hardware Mutual Casualty Co. v. Mitnick, 180 Md. 604, 26 A.2d 393, 395, where the court held that " * * * using a car in the ordinary acceptation of the words seems clearly to include a borrower's making use of it by riding while driven by another." See also, American Casualty Co. of Reading, Pa. v. Windham, 5 Cir., 107 F.2d 88, certiorari denied 309 U.S. 674, 60 S.Ct. 714, 84 L.Ed. 1019;

American Automobile Ins. Co. v. Taylor, D.C.N.D.Ill., 52 F.Supp. 601; Jones v. New York Casualty Co., D.C.E.D.Va., 23 F.Supp. 932; Challis v. Commercial Standard Ins. Co., 117 Ind.App. 180, 69 N.E.2d 178; Arcara v. Moresse, supra; Brown v. Kennedy, 141 Ohio St. 457, 48 N.E.2d 857; Maurer v. Fesing, 233 Wis. 565, 290 N.W. 191. These cases involved the interpretation of "omnibus" provisions in automobile liability insurance policies as opposed to medical payment provisions, but the same wording was being construed.

■ In the case before us it seems clear that the car was being used by the insured's son for the very purpose for which permission had been granted. He did not, by the mere act of turning the wheel over to his companion, convert the automobile to a different use. He did not become a mere piece of supine cargo: he was still using it for "dating" purposes, only the driver being changed. While it is true that a car cannot be operated without being used,[1] the converse is not true. We must decline to hold that the automobile was not in a permitted use at the time of the tragic accident.

■ From many decisions, including very recent ones, it is clear that if the insurer wished to avoid liability under such circumstances as these, it need only have inserted the word "operated" in the policy. It is the duty of the insurer to spell out in plainest terms any exclusionary or delimiting policy provisions. Having failed to do so, the words employed must be given their common meaning and all ambiguities resolved against it. Raley v. Life and Casualty Insurance Company of Tennessee, D.C.Mun.App., 117 A.2d 110, and cases there cited.

Reversed, with instructions to enter judgment for plaintiff.

1. Cronan v. Travelers Indemnity Co., 126 N.J.L. 56, 18 A.2d 13.