INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION, *ET ALS.*, PLAINTIFFS-APPELLANTS, v. METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, A CORPORATION, *ET ALS.*, DEFEND-ANTS-RESPONDENTS.

Argued September 27, 1960—Decided December 5, 1960.

Mr. *Philip M. Lustbader* argued the cause for the plaintiffs-appellants (*Messrs. Schneider, Lustbader & Morgan,* attorneys; *Messrs. Henry G. Morgan* and *Gerald M. Zashin,* on the brief).

Mr. *Frank P. Zimmer* argued the cause for the defendants-respondents (*Messrs. Zimmer & Selikoff,* attorneys).

The opinion of the court was delivered by

PROCTOR, J. This case concerns coverage under the omnibus clause of an automobile liability insurance policy issued by the defendant, Metropolitan Casualty Insurance Com-

pany of New York. The question for decision is whether such omnibus coverage extends to a person who in effect was expressly prohibited by the named insured from operating the latter's car, but who nonetheless operated the car while it was being used for a purpose permitted by the named insured.

On September 29, 1955 an automobile owned by Jennie Calandriello and driven by Domenic B. Acerra, Jr., in which Benjamin E. Smith, Fred J. Duncan, James Moyers, and Bruno Talerico were passengers, collided with a tree. Acerra and Smith were killed; the other occupants were injured. Consolidated actions brought by Duncan, Moyers, Talerico and the *administratrix ad pros* of Smith resulted in judgments totalling $29,500 against the executrix of Acerra's estate.

At the time of the collision, Mrs. Calandriello was the named insured in an automobile liability policy issued by Metropolitan covering her automobile. "Insured" is defined in the omnibus clause of that policy to include "the named insured and * * * any person while using the automobile and any person or organization responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission." Acerra was the named insured under a similar policy issued by plaintiff Indemnity Insurance Company of North America, covering his own automobile but extending coverage to operation by him of a vehicle other than his own. The present action was instituted in the Superior Court, Chancery Division, for a declaratory judgment to determine whether Indemnity or Metropolitan is liable under its policy to pay the tort judgments against Acerra's estate. These judgments have already been paid under a stipulation between the parties. The trial court's holding that Metropolitan is the primary insurer is not challenged on this appeal. Therefore, if Metropolitan's policy covers Acerra, Metropolitan is liable; if Metropolitan's policy does not cover Acerra, Indemnity is liable.

The facts developed at the trial are as follows: Mrs. Calandriello and her husband were sole stockholders in Seacoast Liquor Distributors, Inc., a wholesale beer distributor located in Monmouth County. As part of its sales-promotion program, Seacoast regularly had its salesmen take customers and their employees and friends on tours of the Schmidt's Brewery in Philadelphia. Mrs. Calandriello's automobile was often used with her permission to transport the visitors to and from the brewery. A tour was arranged for September 29, 1955; and on that morning, Smith, a Seacoast salesman, drove Acerra, Talerico, Moyers, and Duncan—all residents of Red Bank and vicinity—in Mrs. Calandriello's automobile to the Schmidt's Brewery in Philadelphia. Mrs. Calandriello knew that Acerra was going on the tour. She gave Smith the keys on the morning of September 29 and, although she said nothing at that time about who was to drive, she had on prior occasions told Smith that only he was to operate her car.

At Philadelphia, the visitors took a guided tour of the brewery. In the late afternoon they started home for Red Bank with Smith driving. En route, they made two stops. When they left the second stop, a tavern in Colt's Neck, Acerra was driving with Smith seated at his right. The trial court found that Acerra took the wheel with Smith's permission. While the car was proceeding in an easterly direction on Newman Springs Road towards Red Bank, it left the highway and struck a tree.

Defendant Metropolitan contended that Acerra was not an insured under the omnibus clause of its policy, because Acerra did not have Mrs. Calandriello's permission to operate her automobile.

The trial court construed the omnibus clause to require only that the use of the car at the time of the accident be permitted by the named insured. Accordingly, the trial court decided that it was immaterial whether Mrs. Calandriello had permitted Acerra to operate her car, and therefore unnecessary to resolve the factual question whether

Mrs. Calandriello's prior instruction to Smith not to let anyone else operate her car applied to Acerra on the day of the accident. Since it was undisputed that Acerra was using the car for a permitted purpose, *i. e.*, to transport the sales-promotion party to and from the brewery, the trial court held that Acerra was insured under Metropolitan's policy and entered judgment for plaintiff Indemnity. 53 *N. J. Super.* 90 (*Ch. Div.* 1958). The Appellate Division reversed and remanded on the ground that the opinion of this court in *Costanzo v. Pennsylvania Threshermen, etc., Ins. Co.*, 30 *N. J.* 262 (1959), requires that the trial court make a factual determination whether Acerra was driving the car with the express or implied permission of Mrs. Calandriello. 59 *N. J. Super.* 547 (1960). We granted Indemnity's petition for certification. 32 *N. J.* 353 (1960).

In *Costanzo,* we held that a sailor-associate of a boy whose father loaned the latter a car was an additional insured under the omnibus clause of the father's automobile liability insurance policy. At the time of the accident, the son was a passenger in the car and his sailor-associate was driving. We noted that the father permitted the son to use the car at a naval camp far distant from his home; that the son frequently used the car for social engagements at and away from home; that the son often allowed others to drive without objection by the father; and that the father neither expressly authorized nor forbade his son to allow others to drive the car. The foregoing facts all indicated that the father gave his son a broad permissive use of the car which we held necessarily included authority to delegate its operation to others while the son was a passenger. The Appellate Division in the present case interpreted *Costanzo* to mean that in every case where someone other than the named insured's permittee is operating the car it is necessary to determine whether the insured's permittee had authority to delegate operation, and that if the named insured expressly or impliedly forbade such operation there would be no coverage. We did not intend to so hold. Since the

facts in *Costanzo* clearly indicated that the father authorized his son to delegate operation to others, it was unnecessary for us to determine whether authority to delegate was essential for coverage. We expressed no opinion about that matter or about the effect of an express or implied prohibition of operation by others on omnibus coverage. *Costanzo* therefore is not applicable to the facts of the present case.

The factual situation in the present case was anticipated by this court in the recent case of *Baesler v. Globe Indemnity Co.*, 33 *N. J.* 148 (1960). There, the named insured loaned his car to his nephew for the latter's general use but expressly forbade its use by others. The nephew gave the car to a friend for a social engagement and the accident occurred when the nephew was not in the car. We held that the nephew's friend was not covered under the omnibus clause—similar to the one in the present case—in the uncle's automobile liability insurance policy. During the course of our opinion we distinguished between *use* and *operation* of an automobile. We pointed out that under the standard omnibus clause, coverage depends upon whether the *use,* not *operation,* of the automobile was permitted by the named insured. We noted that the nephew had delegated the *use* of the car to his friend in violation of the uncle's express prohibition of *use* by others. We distinguished such a case from one where the named insured forbade his permittee to allow anyone else to *operate* the insured vehicle, and the permittee violated that instruction, but the *use* to which the vehicle was being put was a permitted one. That case is now before us. For purposes of this opinion, we assume that Mrs. Calandriello's prior instructions to Smith not to allow anyone else to *operate* the car applied to Acerra on the day of the accident.

■ We have recently noted that the language of the standard omnibus clause in an automobile liability insurance contract is to be construed broadly in favor of the insured and injured to effectuate a strong legislative policy of assuring financial protection for innocent victims of automobile

accidents. *Matits v. Nationwide Mutual Ins. Co.,* 33 *N. J.* 488 (1960); see also *Costanzo v. Pennsylvania Threshermen, etc., Ins. Co., supra,* 30 *N. J.,* at *p.* 268; *Eggerding v. Bicknell,* 20 *N. J.* 106, at *p.* 113 (1955); *Rikowski v. Fidelity & Casualty Company,* 117 *N. J. L.* 407, at *p.* 410 (*E. & A.* 1937) affirming 116 *N. J. L.* 503 (*Sup. Ct.* 1936). This legislative policy is most recently evidenced by the comprehensive scheme of New Jersey motor vehicle legislation enacted in 1952. *Motor Vehicle Security-Responsibility Law, N. J. S. A.* 39:6–23 to 60; *Unsatisfied Claim and Judgment Fund Law, N. J. S. A.* 39:6–61 to 91; *Motor Vehicle Liability Security Fund Law, N. J. S. A.* 39:6–92 to 104. For a discussion of the genesis, operation, and purpose of these statutes, see Molnar, "New Jersey's Answer to Financially Irresponsible Motorists," 1955 *Insurance Law Journal* 729; Gaffney, "The Motorist, His Victim and The State," 25 *State Government* 266 (1952).

 Under the omnibus clause of its insurance contract, Metropolitan agreed to cover "any person while using the automobile * * * provided the actual use is with * * * [the named Insured's] permission." The clause says nothing about *operation* of the vehicle. It is the *use* which must be permitted. Defendant reads the word *use* as synonymous with *operation,* and argues that since Mrs. Calandriello in effect expressly forbade Acerra from *operating* her car, Acerra was not covered. We think that in this context the words *use* and *operation* are not synonymous. The *use* of an automobile denotes its employment for some purpose of the user; the word *"operation"* denotes the manipulation of the car's controls in order to propel it as a vehicle. *Use* is thus broader than *operation. Brown v. Kennedy,* 141 *Ohio St.* 457, 48 *N. E. 2d* 857 (*Sup. Ct.* 1943); *Maryland Casualty Company v. Marshbank,* 226 *F. 2d* 637 (3 *Cir.* 1955). One who operates a car uses it, *Cronan v. Travellers Indemnity Co.,* 126 *N. J. L.* 56 (*E. & A.* 1941), but one can use a car without operating it. An automobile is being used, for example, by one riding in it although another is driving.

Since in this context the words *operation* and *use* have different meanings and the omnibus clause requires only that the *use* of the automobile be with the permission of the named insured, any prohibition as to the *operation* of the automobile is immaterial to a determination of coverage. Thus, even though a driver has been expressly prohibited from *operating* the car, he is covered if the car was being *used* for a purpose permitted by the named insured. *Glens Falls Indemnity Co. v. Zurn*, 87 *F. 2d* 988 (7 *Cir.* 1937); *Brooks v. Delta Fire & Casualty Company*, 82 *So. 2d* 55 (*La. Ct. App.* 1955).

In *Zurn* the named insured loaned his car to his son so that the latter and two of his friends could take a trip together. The father forbade anyone but the son to drive. An accident occurred while one of the son's friends was at the wheel. Construing the language of an omnibus clause similar to the one in the present case, the court said:

"The language of the policy extends the additional coverage to any person 'using' the automobile 'provided such use is with the permission of the named assured * * *.'
[T]he thing the father says was forbidden related to the personnel of the driver of the car, not to what use might be made of it. The three boys were using the car with the permission of the owner." *Zurn, supra,* 87 *F. 2d,* at *pp.* 989–990.

Accordingly, the court held that the driver was an insured under the omnibus clause of the father's automobile liability policy. On a similar state of facts where the named insured expressly prohibited his daughter from allowing anyone else to drive his automobile, the court in *Brooks, supra,* held that the daughter's friend who was driving at the time of the accident was an insured under the father's automobile liability policy. The court said:

"[T]he actual use of the automobile on the occasion of the accident was with the permission of the named insured, such use being within the coverage of the omnibus clause under the unambiguous wording of the policy * * *." *Brooks, supra,* 82 *So. 2d,* at *p.* 59.

*Brooks* and *Zurn* are in accord with the generally held view that coverage under an omnibus clause like the one

before us depends upon whether the *use,* as distinct from *operation,* of the automobile is a permitted one. *Standard Accident Ins. Co. v. New Amsterdam Casualty Co.,* 249 *F. 2d* 847 (7 *Cir.* 1957); *Loffler v. Boston Ins. Co.,* 120 *A. 2d* 691 (*D. C. Mun. Ct. App.* 1956); *Maryland Casualty Company v. Marshbank, supra; Schimke v. Mutual Auto Ins. Co. of Town of Herman,* 266 *Wis.* 517, 64 *N. W. 2d* 195 (*Sup. Ct.* 1954); *Persellin v. State Auto Ins. Ass'n,* 75 *N. D.* 716, 32 *N. W. 2d* 644 (*Sup. Ct.* 1948); *Hardware Mut. Cas. Co. v. Mitnick,* 180 *Md.* 604, 26 *A. 2d* 393 (*Ct. App.* 1942); *Donovan v. Standard Oil Co. of Louisiana,* 197 *So.* 320 (*La. Ct. App.* 1940); *Brown v. Kennedy, supra. Cf. Arcara v. Moresse,* 258 *N. Y.* 211, 179 *N. E.* 389 (*Ct. App.* 1932).

Metropolitan relies upon *Allstate Insurance Co. v. Merchants Hardware Co.,* 179 *F. Supp.* 590 (*D. W. Va.* 1959) and *Trotter v. Union Indemnity Co.,* 35 *F. 2d* 104 (9 *Cir.* 1929), wherein it was held that the operator of a vehicle was not an additional insured under the omnibus clause in the owner's policy. These cases are readily distinguishable from the present case. In both the court expressly found that at the time of the accident the vehicle was not being *used* with the permission of the named insured. See *Baesler v. Globe Indemnity Co., supra.*

It is undisputed in the present case that Mrs. Calandriello gave Smith, Acerra and the others in the party permission to *use* her automobile to go to and from Schmidt's Brewery in Philadelphia. At the time of the accident the automobile was being *used* for that purpose, *i. e.,* transporting the members of the party from the brewery to their homes. Since under the terms of the omnibus clause in Metropolitan's policy a person is an additional insured if he is *using* the automobile with the named insured's permission, we hold that Acerra was an additional insured.

Our determination that Acerra was an insured under Metropolitan's policy makes it unnecessary for us to deal with Indemnity's contention that Metropolitan is estopped

to deny coverage because it undertook the defense of the actions brought against the executrix of Acerra's estate and did not dispute liability under its policy until some time later.

The judgment of the Appellate Division is reversed and the judgment of the Chancery Division is affirmed.

HALL, J. (dissenting). The views expressed in my dissenting opinion in *Matits v. Nationwide Mutual Insurance Co.*, have pertinence here. As there indicated, the "actual use" at the time of the accident for which permission must exist to find coverage logically should include not only the time, place and purpose of the trip but also the identity of the operator where that factor has a legitimate bearing on the risk of accident in the owner's mind. This case is a good illustration. The owner might be entirely willing to allow the use of her car to take customers of her company on a good-will excursion to a brewery so long as an employee was driving, but might refuse permission if one of the customers was to drive. She could well have confidence in the employee to remain in fit condition, but not in a guest, and therefore impose a restriction as to the driver to seek to prevent exactly what happened here. The reasoning of the majority opinion seems pure semantics in derogation of my conception of the reasonable meaning and purpose of the omnibus clause. I therefore would affirm the judgment of the Appellate Division and remand for a new trial to determine not only the question of the owner's permission or prohibition concerning the operator but also the matter of the bearing of any such prohibition on the risk of accident as referred to above.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR and SCHETTINO—5.

*For affirmance*—Justice HALL—1.