182 So.2d 36 (1966)
AMERICAN FIRE & CASUALTY COMPANY, a stock insurance company, Appellant,
v.
Ronnie Leon BLANTON, a minor, by and through his father and next friend, Leon M. Blanton, Appellee.
No. G-504.
District Court of Appeal of Florida. First District.
January 25, 1966.
*37 Chandler, O'Neal, Carlisle, Avera & Gray, Gainesville, for appellant.
Richard J. Wilson, and Barton T. Douglas, Gainesville, for appellee.
STURGIS, Judge.
Appellant insurer, defendant below, appeals from a summary final judgment for plaintiff, a minor, whose claim is based on the Medical Payments Provision of a liability insurance policy issued by defendant to Wayne Presnell whereby defendant agreed:
"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, *38 hospital, professional nursing and funeral services:
"Division 1. * * *
"Division 2. To or for any other person who sustains injury, caused by accident while occupying
"(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; * * *"
Defendant-appellant's answer denied coverage under the quoted provision and its primary contention here is that the judgment is erroneous because the policy expressly limits payment of medical expenses to persons occupying the owned automobile "with the permission of the named insured," whereas the uncontradicted proofs reveal that no such permission was given to the plaintiff whose medical expenses were incurred in the course of his unauthorized operation of said automobile. We do not so construe the contractual obligation.
The uncontested proofs reveal that the insured owned a poultry farm located several miles from his home and customarily allowed his 13-year-old son, Lee Presnell, to drive the insured automobile from his home to the farm for the purpose of working; under instructions, however, not to allow anyone else to ride with him and to drive it only directly to and from the farm. On the day plaintiff was injured Lee Presnell while at school arranged with some of his friends, including the plaintiff, to meet him at a filling station and ride with him from there out to the farm. He thereafter went alone to his home and after informing his mother that he was going to the farm drove the automobile to the filling station, picked up his friends, and from there drove past the farm to an area where there were some dirt roads. Lee then allowed a boy named Stewart Westmoreland, who had a motor scooter, to drive the automobile in return for the privilege of driving the motor scooter, and later granted the request of Ronnie Leon Blanton, the plaintiff, to drive the automobile. While so engaged Ronnie ran the automobile into a ditch bank and injured his arm, resulting in the expenditure of more than $500.00 for medical expenses. The proofs permit the reasonable inference that Ronnie knew that Lee's mother, who was at home when Lee picked up the automobile, would not have allowed it to be driven off if he and his companions had all gone to the Presnell home, that he had a feeling that Lee was not supposed to let anyone else drive it, and that he knew his companions were under age for legal driving of an automobile.
Appellant accepts the proposition that an omnibus clause as here considered embraces implied as well as express permission (Alabama Farm Bureau Mutual Cas. Ins. Co. v. Robinson, 269 Ala. 346, 113 So.2d 140 [1959]), but argues that vicarious liability under the dangerous instrumentality doctrine peculiar to this jurisdiction does not under the facts of this case extend to the contract provision relied on by plaintiff; otherwise stated, that implied permission cannot be imposed as a matter of law in order to attach contract liability under the subject policy provision where, as in this case, the uncontradicted proofs on the motion for summary judgment show that the insured owner specifically withheld permission for plaintiff to operate the insured vehicle.
The trial judge, relying on Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959), held that the term implied permission "has come to have a fixed, definite meaning in this jurisdiction" under the dangerous instrumentality doctrine, which is to the effect that the owner of a motor vehicle is relieved from responsibility for its use or misuse only upon a breach of custody amounting to a species of conversion or theft.
Lynch v. Walker, 159 Fla. 188, 31 So.2d 268, 271 (1947), states the basic principle of liability under the "dangerous instrumentality doctrine" as applied to automobiles *39 thus: "When an owner authorizes and permits his automobile to be used by another he is liable in damages for injuries to third parties caused by the negligent operation so authorized by the owner." Where "original entrustment" is shown to exist, liability thus imposed on the owner will not be altered because of a departure beyond the scope of authority. See Boggs v. Butler, 129 Fla. 324, 176 So. 174, 176 (1937), where it is said:
"Under the law of this state, if the owner once gives his express or implied consent to another to operate his automobile, he is liable for the negligent operation of it no matter where the driver goes, stops, or starts."
That rule is now so well established as to require no further elaboration.
Aside from any question of vicarious liability under our dangerous instrumentality doctrine, we conclude that under the terms of the Medical Payments Provision the appellant insurer is contractually obligated to respond to plaintiff. As noted, coverage is afforded when the owned automobile is being used by a resident of the same household of the named insured. It follows that plaintiff is an insured party if at the time of the accident his use was in furtherance of a "use" or purpose of Lee Presnell, the agent or permittee of the named insured and a person who under the undisputed facts was a "resident of the same household" of such insured. In Indemnity Insurance Co. of North America v. Metropolitan Cas. Ins. Co. of N.Y., 33 N.J. 507, 166 A.2d 355 (1960) the Supreme Court of New Jersey said:
"Under the omnibus clause of its insurance contract, Metropolitan agreed to cover `any person while using the automobile * * * provided the actual use is with * * * [the named Insured's] permission.' The clause says nothing about operation of the vehicle. It is the use which must be permitted. Defendant reads the word use as synonymous with operation, and argues that since Mrs. Calandriello in effect expressly forbade Acerra from operating her car, Acerra was not covered. We think that in this context the words use and operation are not synonymous. The use of an automobile denotes its employment for some purpose of the user; the word `operation' denotes the manipulation of the car's controls in order to propel it as a vehicle. Use is thus broader than operation. * * * One who operates a car uses it, * * but one can use a car without operating it."
The general rule that a permittee may not allow a third party to "use" the named insured's car does not preclude recovery under the omnibus clause where the second permittee, in using the vehicle, is serving some purpose of the original permittee. Under such circumstances the second permittee is "operating" the car for the "use" of the first permittee and such "use" is within the coverage of the omnibus clause. The operation by a third person under such circumstances falls within the protection of the omnibus clause even where such operation is specifically forbidden by the named insured. 7 Am.Jur.2d, Automobile Insurance, § 117.
Appellant also assigns error to the award of $1,000.00 attorney's fees to the two attorneys, members of different law firms, whose joint services resulted in the judgment appealed which awarded $500.00 damages to plaintiff. It is insisted that such fee is not reasonable or justified in this case. We find no merit in that contention. The amount to be allowed as counsel fees is not measured by the number of attorneys employed but by the value of the services rendered, and where the character of the proceedings is such as to require the services of two attorneys or firms, this fact should be and presumably was taken into consideration in the fixing of attorney's fees herein. It is unnecessary to review at length the character and extent *40 of the services rendered by attorneys for plaintiff in this cause. Suffice it to say that a careful examination of the record supports the trial court's conclusion, in the exercise of a sound judicial discretion, as to the value thereof. The amount allowed is approved.
Finding no error, the judgment appealed is
Affirmed.
WIGGINTON, Acting C.J., and CARROLL, DONALD K., J., concur.