4. Rule 51, U.R.C.P.; State v. Rosenbaum, 22 Utah 2d 159, 449 P.2d 999.

496 P.2d 707

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff and Respondent,

v.

Ronald STRANG et al., Defendants and Appellant.

No. 12482.

Supreme Court of Utah.

April 25, 1972.

Robert M. McRae, of Hatch, McRae & Richardson, Salt Lake City, for defendants-appellant.

Glenn C. Hanni, of Strong & Hanni, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

This is an appeal from a summary judgment in favor of plaintiff-respondent declaring that there was no coverage for Wendy Harvey under an automobile policy of insurance issued to her brother-in-law with whom she resided. Summary judgment is proper where there is no material issue of fact and where one party is entitled as a matter of law to recover from the other.[1]

There is no dispute in the facts. Mrs. Hamberlin, a widow, was the owner of an uninsured automobile. She had a 15-year-old daughter named Debra whom she had forbidden to drive the car. Debra was told by her mother that as soon as she got a driver's license that insurance would be taken out on the car and she would be permitted to drive it. The mother left the keys to the car and to the garage on the drainboard so her son could move some of his personal belongings into the garage for storage. During Mrs. Hamberlin's absence and without her permission Debra took the keys and drove the automobile and picked up a couple of her friends, one of whom named Wendy requested that Debra permit her to drive. Permission to drive was granted by Debra, and an accident occurred. The plaintiff, the insurer of an automobile owned by the brother-in-law of Wendy, filed this action to have the question of its liability and responsibility determined.

The policy on the automobile owned by Wendy's brother-in-law provided that the named insured and relatives of his or his spouse who were residents of his household are insured while using a nonowned automobile if they are driving with the per-

1. Rule 56, C.R.C.P.

mission of the owner or person in lawful possession of such automobile.

There is only one legal issue involved in this matter, to wit: Did Wendy have the permission to drive the automobile from one who was in lawful possession thereof? Clearly Wendy was not driving with the permission of Mrs. Hamberlin, and equally clear is the fact that she was driving with the permission of Debra.

The proposition urged by the appellant is that because Wendy thought Debra had lawful possession that her brother-in-law's policy should afford coverage to her.

One looks in vain in the policy to find any such provision to cover one who may not know that the car is being unlawfully used. The policy is clear in its provision that to be covered when driving a non-owned automobile, the driver must have the permission of the owner or of one who is in lawful possession.

The case of Ashton Co. v. Joyner[2] is interesting as bearing on the identical question now before this court. There, a 13-year-old son, without permission of his parents, took his father's truck and wrecked it. When the father was sued for the repair bill, he filed a third-party complaint against his insurer, claiming that since his son had taken the truck without permission, there was a "theft" of the car within the meaning of the policy, which provided that in case of theft of the car, the insurer would be liable for the cost of repairs. This court held that the term "theft" as used in the policy would include a situation where the taker had the intent to deprive the owner temporarily of the use or possession of the truck. This is a minority holding, but this court has aligned itself therewith. Whether that case be correctly decided or not is of no concern here. It is cited for the proposition that a taking by a minor child of its parents' car without permission constitutes an unlawful possession.

In the case of Western Casualty and Surety Company v. Transamerica Insurance Company[3] we had before us the question of coverage under a policy similar to that in the instant matter. There, a minor son drove a jeep belonging to his brother-in-law and after being involved in an accident claimed that the policy on his father's car would afford him protection. The brother-in-law had given permission for the boy to drive the jeep between work and his home. However, the boy drove some of his buddies a distance of about 20 miles to start a stalled car, and it was there where the accident occurred. In holding that the policy of the father afforded no protection, this court said:

> In the instant case Rick was specifically instructed not to use the jeep ex-

2. 17 Utah 2d 162, 406 P.2d 306 (1965).

3. 26 Utah 2d 50, 55, 484 P.2d 1180, 1184 (1971).

cept in going to and coming from work; and when he returned from work, he had no further permission to use the jeep. No implied permission of the owner can be found permitting the use to which the jeep was being put at the time of the collision.

In the matter now before us Debra was specifically forbidden the use of the automobile at all, and, therefore, she was not in lawful possession of it under the terms of the policy when she allowed Wendy to drive.

The judgment of the trial court holding that the plaintiff was not liable under its policy is affirmed. No costs are awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.