Bette Lou THOMPSON, (Collins), and Edna Hood, guardian ad litem for Loni Neil Collins, et al., Plaintiffs,

v.

Benjamin N. RYAN, Defendant, Third-Party Plaintiff and Respondent,

v.

ALLSTATE INSURANCE COMPANY, Third-Party Defendant and Appellant.

No. 14293.

Supreme Court of Utah.

March 26, 1976.

Anthony M. Thurber, L. E. Midgley, Salt Lake City, for Allstate.

William J. Cayias, Salt Lake City, for Benjamin N. Ryan.

TUCKETT, Justice:

Only the issues raised by the third-party complaint and the answer of Allstate Insurance Company, third-party defendant, are before this Court on appeal. A summary judgment entered by the court below in favor of Benjamin N. Ryan, third-party plaintiff, is challenged by the Insurance Company. The court below held that an automobile insurance policy issued by the defendant afforded coverage to the third-party plaintiff.

On. the evening of December 22, 1972, Christopher Ryan was granted permission by his father, Earl F. Ryan, to use the father's automobile during the evening. Earl granted Christopher the use of the automobile for recreational purposes but instructed Christopher not to permit anyone else to drive the vehicle. Christopher picked up the other companions including Benjamin N. Ryan, who was not related, and they all went to a bowling alley. They left the first bowling alley intending to go to another one at which time Benjamin asked permission to drive the automobile, which permission was granted by Christopher. In proceeding to the second bowling alley and while Benjamin was driving, an accident occurred with another automobile, which resulted in the death of one of the occupants of the other vehicle and injuries to other passengers. These proceedings were

initiated by the original plaintiffs who are seeking to recover damages as against Benjamin N. Ryan claiming negligence on his part. Benjamin initiated the third-party proceedings for the purpose of determining whether or not he had coverage under the policy issued to Earl F. Ryan.

The omnibus clause of the policy here in question contains the following provisions:

The following persons are insured under this part:

1. The named insured with respect to the owned or nonowned automobile;

2. Any resident of the named insured's household with respect to the owned automobile;

3. Any other person with respect to the owned automobile provided the actual use thereof is with the permission of the named insured; . . .

The court below concluded that the terms of the policy afforded coverage to the third-party plaintiff and granted summary judgment in his favor. The defendant Insurance Company is here claiming that the use of the automobile by Benjamin was not with the permission of the named insured and coverage to Benjamin should have been denied.

Christopher Ryan, being a member of the insured household, was insured under the terms of the policy. The named insured, Earl, gave permission to his son to use the automobile during the evening, and the only restriction as to its use being that the automobile be returned at a reasonable hour, and that the son buy gasoline for it. The automobile here being used with the named insured's permission distinguishes it from the facts in prior decisions of this

Court, one being *Western Casualty Co. v. Transamerica Insurance Co.,*[1] where the permittee of the named insured did not have permission to use the vehicle for the trip in which it was involved in a collision with another vehicle. Another is the case of *State Farm Mutual Insurance Co. v. Strang,*[2] in which the use of the vehicle by the daughter of the named insured was forbidden. While in this case the second permittee was without permission from the named insured to drive the vehicle, it nevertheless was in furtherance of the use which had been granted by the named insured to the first permittee who was his son and a member of his household. The driving by the third-party plaintiff as the second permittee was not repugnant to the general purpose for which the named insured's permission had been obtained.

We conclude that the decision of the court below determining that the coverage of the policy here in question did in fact include the use being made of the automobile at the time of the collision.[3] The judgment of the court below is affirmed. Respondent is entitled to costs.

CROCKETT and MAUGHAN, JJ., concur.

ELLETT, Justice (dissenting):

When the insured permitted his son to use the automobile he specifically instructed the son not to permit anyone else to drive the car.

The son violated the instruction from his father, the insured, and thereby terminated his own right to use the car.

Benjamin N. Ryan was not driving with the consent of the insured, but clearly

---

1. 26 Utah 2d 50, 484 P.2d 1180.

2. 27 Utah 2d 362, 496 P.2d 707.

3. *Hanover Ins. Co. v. Miesemer,* 42 Misc.2d 881, 249 N.Y.S.2d 87; *Loffler v. Boston Ins.* *Co.* (D.C.Mun.App.), 120 A.2d 691; *Allstate Ins. Co. v. Fidelity & Cas. Co. of N. Y.,* 73 N.J.Super. 407, 180 A.2d 168; 4 A.L.R.2d 69, Sec. 12(b).

against his wishes and in violation of the specific instructions given to the son.

I can see no difference between the case where the son drove 20 miles out of the way against the instructions of the insured [1] and the instant case where the son permitted another to drive without the permission of the insured. In either case the use of the car at the time was not with the permission of the insured.

I would reverse the judgment and award costs to the appellant.

HENRIOD, C. J., concurs in the dissenting opinion of Mr. Justice ELLETT.

1. *Western Casualty Co. v. Transamerica Ins. Co.*, 26 Utah 2d 50, 484 P.2d 1180 (1971).