555 P.2d 683

Jonathan David GRUGER and Safeco Insurance Company of America, Plaintiffs-Appellants,

v.

WESTERN CASUALTY AND SURETY COMPANY, Ruben W. Evans, Sr., Ruben W. Evans, Jr., Stacy Ray Patterson, a minor, and David Fair, Defendants-Appellees,

v.

William J. D. TAYLOR, as Personal Representative and Administrator of the Estate of Jeffrey Desmond Taylor, Deceased, Defendant-Appellant.

No. 10865.

Supreme Court of New Mexico.

Oct. 26, 1976.

Jack T. Whorton, Alamogordo, for Gruger and Safeco.

LeRoi Farlow, Albuquerque, for Taylor.

Frazier, Cusack & Schnedar, John P. Cusack, Roswell, for Western Casualty.

Garrett, Hartley & Tatum, Edwin B. Tatum, Clovis, for Patterson.

Hunker, Fedric & Higginbotham, Robert Waldman, Roswell, for Fair.

## OPINION

McMANUS, Justice.

Jonathan Gruger brought suit in the District Court of Chaves County seeking a declaratory judgment that he was an insured under the omnibus clause in an automobile insurance policy issued by Western Casualty and Surety Company to Ruben Wesley Evans, Sr. The district court held that there was no coverage because plaintiff did not have the permission of the named insured, e.g., Evans, Sr., to operate the vehicle and, therefore, there was no coverage under the omnibus clause. We affirm.

Ruben W. Evans, Sr. was the owner of a pickup truck which was insured by the defendant, Western Casualty and Surety Company (Western). Evans, Sr. permitted his son Evans, Jr. to use the truck while he was in school at the New Mexico Military Institute. Evans, Sr. told Evans, Jr. not to let anyone else drive the truck and the school regulations prohibited any cadet from driving any other cadet's motor vehicle.

On May 11, 1974, Evans, Jr. and the plaintiff Gruger, both cadets, were making preparations for a class party which was

not sponsored by the school. Evans, Jr. and Gruger took beer and snacks to the party site at the picnic grounds. While working at the site, Evans, Jr. requested Gruger to drive the truck back to the campus and pick up some of the other cadets. On the return trip an accident occurred and several cadets were injured and one was killed.

The plaintiff called upon Western to undertake the defense of Gruger and to pay any judgment rendered against him. Western denied any obligation to defend and refused coverage for Gruger alleging that he was not a permissive user under the provisions of the omnibus clause. Gruger relied on the definition of an insured stated in the policy:

> "Each of the following is an insured to the extent set forth below:
>
> (a) the named insured;
>
> \* \* \*
>
> (c) any other person while using an owned automobile or hired automobile with the permission of the named insured, provided his actual operation . . . thereof is within the scope of such permission . . . ."

 Gruger contends that Evans, Sr. had given his implied permission because he had given Evans, Jr. dominion and control over the truck while he was at school. Implied permission is found when the insured does not expressly give his consent but consent is implied by his conduct, including lack of objection. *Gangel v. Benson*, 215 Kan. 118, 523 P.2d 330 (1974). The fact that Evans, Jr. had control over the pickup does not indicate that Evans, Sr. consented to other students using the truck. The evidence showed that Evans, Sr. had clearly prohibited Evans, Jr. from lending his truck to anyone outside the family, and the school regulations also forbade Evans, Jr. from lending his truck to another cadet. "[T]he law is clear that when the named insured expressly prohibits the operation of a vehicle by any person other than his permittee, a second permit-

tee using the car for his own benefit does not have implied permission. . . ." *Western Casualty & Surety Company v. Grice*, 422 F.2d 921, 923 (10th Cir. 1970). See 7 J. Appleman, Insurance Law and Practice § 4365 (1962); 7 Blashfield Automobile Law and Practice § 315.13 (3d ed. 1966); 12 Couch on Insurance § 45:409 (2d ed. 1964); 7 Am.Jur.2d Automobile Insurance § 116 (1963); 45 C.J.S. Insurance § 829c(2) (1946).

 Whether Evans, Sr. knew and permitted Evans, Jr. to lend the truck to his friends thereby giving his implied permission to Gruger was a factual question for the trial court to resolve. The court found that there was no implied permission. Since the decision is supported by substantial evidence it will not be disturbed on appeal. Therefore, we affirm the decision of the district court.

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.