## MONTGOMERY, etc. v CHESTER, et al.

Case No. CA83-315 Civ. B

Sixth Judicial Circuit, Pasco County

September 5, 1985

### APPEARANCES OF COUNSEL

**Joseph M. Silver** for third-party defendant, State Farm.

**W. M. Carson** for plaintiffs.

**James C. Hadaway** for defendants Chester, Zimmerman and Aetna.

### OPINION OF THE COURT

WAYNE L. COBB, Circuit Judge.

A motion of the Third Party Defendant, State Farm Mutual Automobile Insurance Company, for a final summary judgment on the issue of its insurance coverage for contribution in this action is before the Court.

This action arose out of an automobile accident. The Plaintiff, Alane

**49**

D. Montgomery, was a passenger in an automobile operated by her brother and owned by either her father or her father's incorporated business. State Farm covered the Montgomery vehicle. The Defendants filed a third party complaint against Alane's father and State Farm demanding contribution.

If the named insured under the State Farm policy were Alane's father, Dallas H. Montgomery, the issue would be settled by *Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co.*, 387 So.2d 932 (Fla. 1980). In that action, the Florida Supreme Court held that provisions of an automobile liability policy excluding from coverage members of insured's family or household are valid and relieve insurer from payment of a judgment against its insured recovered by way of contribution by a joint tort-feasor when that judgment is based on an injury to a member of insured's family or household. However, in this case, the named insured under the State Farm policy is Montgomery & Associates Insurance Adjusters, Inc., which is the Plaintiff's father's incorporated business.

The Third Party Plaintiffs argue that since a corporation is the named insured under the policy there can be no family exclusion, even if printed in the policy, because a corporation cannot have a family or a household.

"Section I—Liability—Coverage A" of the policy provides in part:

". . . insured means:

4. any other person while using such a car if its use is within the scope of consent of you or your spouse;"

On Page 2 of the policy, "you or your" is defined as follows:

"You or your—means the named insured or named insureds shown on the declaration page."

It is clear that Alane's brother was "using" the covered automobile "within the scope of consent" of the insured named on the declaration page of the policy, *i.e.*, Montgomery & Associates Insurance Adjusters, Inc. Therefore, in determining liability coverage under the policy of insurance, Alane's brother must be construed as an "insured," and there is no coverage for contribution pursuant to *Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co.*, supra, since Alane and her brother both resided in their father's household at the time of the accident.

Although the facts are somewhat different, this Court is persuaded that this construction of the insurance policy is appropriate by *Ameri-*

*can Fire & Casualty Co. v. Blanton*, 182 So.2d 36 (Fla. 1st DCA 1966).

It is therefore,

ADJUDGED that the Motion for Summary Judgment is hereby granted and that the Third Party Plaintiffs, Howard P. Chester, James Franklin Zimmerman and Aetna Insurance Co., take nothing from the Third Party Defendant, State Farm Mutual Automobile Insurance Company, by this action and that this Third Party Defendant go hence without day and recover costs from the Third Party Plaintiffs in a sum to be determined.

DONE AND ORDERED this 5th day of September, 1985, at Dade City, Pasco County, Florida.