891 P.2d 538

UNITED SERVICES AUTOMOBILE
ASSOCIATION, Plaintiff–
Appellant,

v.

NATIONAL FARMERS UNION
PROPERTY AND CASUALTY,
Defendant–Appellee.

No. 21989.

Supreme Court of New Mexico.

Feb. 14, 1995.

Klecan, Childress & Huling, Ronald J. Childress, Elaine R. Dailey, Albuquerque, for appellant.

**398**

Farlow Law Firm, LeRoi Farlow, Suzanne Guest, Albuquerque, for appellee.

## OPINION

RANSOM, Justice.

United Services Automobile Association ("USAA") appeals from an order granting summary judgment in favor of National Farmers Union Property and Casualty ("National Farmers"). USAA sued National Farmers, seeking a declaration that National Farmers has a duty to defend against and provide primary coverage for an automobile-accident claim in which a permittee, insured by National Farmers under an omnibus clause, gave permission to a second individual to drive a covered vehicle. The trial court apparently determined that National Farmers did not provide coverage for the second permittee and dismissed USAA's complaint. USAA appeals to this Court pursuant to SCRA 1986, 12–102(A)(1) (Repl.Pamp.1992) (count sounding in contract). Concluding that the second permittee is insured, we reverse and remand.

*Facts and proceedings.* National Farmers insured Daniel Rouse for his 1977 Volkswagen. The insurance policy contained a standard omnibus clause that provided coverage to "[a]ny person using your insured car, if its use is within the scope of your consent." Rouse allowed his fifteen-year-old son David to drive the vehicle on occasions when David had specific permission, but he told David that his friends were not to drive the car. On January 16, 1989, David's mother gave him permission to drive the car to school and to run errands after school. David gave his fifteen-year-old friend Natalie Adams a ride home after school. On the way home David told Natalie that he needed to run some errands for his mother. Natalie asked if she could drive while David did the errands, and David said yes. Natalie had driven the car on another occasion without incident, but this time she was in an accident with another vehicle. David was a passenger in the car at the time of the accident.

The driver of the other vehicle filed suit, naming Natalie as one of the defendants. National Farmers refused to defend or provide liability coverage. USAA, who insured Natalie's father, defended, settled all of the claims, and filed this action for declaratory judgment. National Farmers argued that it did not have a duty to defend or provide coverage because Natalie did not have the named insured's consent to drive the vehicle. The trial court granted summary judgment in favor of National Farmers without specifying the grounds for its decision.

■ *The reasonable-belief clause is not dispositive.* National Farmers' insurance policy contains a provision under the definition of "Insured persons" that reads "No person shall be considered an insured person if that person uses a vehicle without a reasonable belief of having permission to use the vehicle." USAA argues that Natalie is covered under this clause, alleging that the clause provides an additional category of "insured persons" under the policy. National Farmers argues that the proviso is a limitation on coverage and does not provide independent coverage.

We agree with National Farmers that the proviso does not establish a separate category of insured persons under the policy but instead restricts the coverage available to listed insured persons. The policy numbers the definitions of insured persons one through three but does not number the reasonable-belief provision. Thus on its face the policy does not include this provision within the definition of "insured persons." Further, a sister-state court, interpreting a similar clause, held that such a provision does not apply unless the one seeking coverage falls within the definition of "insured persons." *See Allstate Ins. Co. v. Lyons,* 400 A.2d 349, 351 (Me.1979).

■ We agree with *Lyons* and conclude that the reasonable-belief clause applies when a person relies, as a basis for coverage, on the vehicle owner's apparent consent to that person's operation of the insured vehicle. *See id.* Thus, when the named insured has not given the driver express permission, the reasonable-belief clause limits the availability of coverage for persons who might otherwise fall within a class of insured persons. If, in the absence of actual consent,

the one claiming coverage does not in fact have a reasonable belief that he or she has permission to operate the vehicle, that person is denied coverage. Absent notice to the contrary, however, a second permittee may claim coverage based upon a logical inference that the first permittee had authority to allow the second permittee to operate the vehicle.

In this case the parties do not dispute the fact that Natalie reasonably believed that she had the owner's consent to drive the vehicle. Consequently, the reasonable-belief clause does not resolve the question whether Natalie was entitled to insurance coverage. Instead, we must determine the question of coverage by defining the scope of liability under the initial-permission rule.

■ *The initial-permission rule.* In *Allstate Insurance Co. v. Jensen*, 109 N.M. 584, 587, 788 P.2d 340, 343 (1990), this Court recognized that the initial-permission rule fell within the purpose and intent of the Mandatory Financial Responsibility Act, NMSA 1978, §§ 66-5-201 to -239 (Repl.Pamp.1994). Section 66-5-221(A)(2) of the Act provides that motor vehicle liability policies [1] shall insure any person "using any such motor vehicle with the express or implied permission of the named insured." In particular, the Court determined that under this statutory omnibus clause a policy provides coverage "to any person using the insured vehicle with the owner's consent, without regard to any restrictions or understanding between the parties on the particular use for which the permission was given." *Jensen*, 109 N.M. at 587, 788 P.2d at 343. A policy's omnibus clause may not be more restrictive of coverage than the statutory omnibus clause. *E.g.*, *Chavez v. State Farm Mut. Auto. Ins. Co.*, 87 N.M. 327, 329, 533 P.2d 100, 102 (1975) (stating that insurance provision that conflicts with intent of statute is void). This Court limited an insurer's liability under the omnibus clause only when a permittee has wrongfully intended to deprive the vehicle owner of his property. *Jensen*, 109 N.M. at 588–89, 788 P.2d at 344–45.

In recognizing the legislature's adoption of the initial-permission rule, we took notice that the purpose of the Mandatory Financial Responsibility Act is to benefit and protect the general public and innocent victims of automobile accidents. *Id.* at 587, 788 P.2d at 343. We also stated that "the entire focus of the required liability coverage in the act is on liability coverage for motor vehicles," and that, generally, "an operator's ability to respond in damages will be dependent upon the vehicle owner's contract for liability insurance." *Id.* In order to effectuate these policies and purposes, this Court held that the statutory omnibus clause must be interpreted broadly. *Id.*

■ *Application of the initial-permission rule to restrictions by the owner on second permittees.* The *Jensen* Court expressly left open the question whether the adoption of the Mandatory Financial Responsibility Act affected our decision in *Gruger v. Western Casualty & Surety Co.*, 89 N.M. 562, 555 P.2d 683 (1976). In *Gruger* we held that a second permittee was not covered under an insurance policy's omnibus clause when the first permittee, a student, was barred by his father and by a school rule from allowing anybody to drive the car. *Id.* at 563, 555 P.2d at 684. The second permittee argued that because the father of the first permittee had given his son total dominion and control over the vehicle, the father had given the second permittee implied permission to operate the vehicle. The Court rejected that argument, stating that "when the named insured expressly prohibits the operation of a vehicle by any person other than his permittee, a second permittee using the car for his own benefit does not have implied permission [to operate the vehicle]." *Id.* (quoting *Western Casualty & Sur. Co. v. Grice*, 422 F.2d 921, 923 (10th Cir.1970)). In this context, the term "implied permission" was not used to connote a logical inference to be drawn by the second permittee; rather, it was used to mean actual permission to be implied from the express permission granted the first permittee. The determinative factor, therefore,

---

1. The provisions of Section 66-5-221(A)(2) have been assumed to be applicable to all motor vehicle liability policies. *See Jensen*, 109 N.M. at 586 n. 2, 788 P.2d at 342 n. 2.

was the express restriction as to other drivers.

We are now squarely faced with the question left open in *Jensen:* Is a restriction on other drivers to be treated differently than a restriction on use? We think not, at least under the facts of this case and the insurance policy's own omnibus clause as discussed below. We conclude that the reasoning of *Gruger* is incompatible with the purposes of the Mandatory Financial Responsibility Act.

■ Relying on a case in which it was held that coverage would extend to a first permittee that deviated from the scope of permission, the New Jersey Supreme Court has stated:

> [There is no] distinction between a case where a first permittee exceeds the scope of permission in terms of time, place, or purpose, and a case where he exceeds the scope of permission in terms of use of the vehicle by another. Once an owner voluntarily hands over the keys to his car, the extent of permission he actually grants is as irrelevant in the one case as in the other.

*Odolecki v. Hartford Accident & Indem. Co.,* 55 N.J. 542, 264 A.2d 38, 42 (1970). We agree with this statement and add to it our belief that it is as likely that a son or daughter will violate a parent's instruction not to let someone else drive as it is that the youngster will violate an instruction not to speed or not to deviate from a specific purpose or course of travel.

In *Jensen* we held that once an owner gives his initial permission to use a vehicle, coverage under an omnibus clause extends to the permittee even if the use of the vehicle falls outside the scope of permission granted. 109 N.M. at 587, 788 P.2d at 343. Today we hold, generally, that coverage extends to any subsequent permittee operating an insured vehicle as long as the named insured has given his or her initial permission to use the vehicle. This coverage is mandated by the statutory omnibus clause notwithstanding violation of the named insured's restriction on second permittees. Because the Mandatory Financial Responsibility Act had not been adopted at the time this Court decided *Gruger*, we did not then have the guidance of the

policy considerations recognized in *Jensen.* After reviewing those considerations, we now overrule *Gruger* insofar as it is inconsistent with this opinion.

National Farmers argues against the adoption of any rule under which an omnibus clause would provide coverage to a second permittee. According to National Farmers, insurance companies can assess the risk of providing coverage to those persons who have the named insured's permission to drive the insured vehicle but cannot assess the risk of "[u]nknown second permittee use of an insured vehicle." We disagree. While insurance companies do separately assess the risks involved in providing insurance coverage in each individual case by evaluating the circumstances of the named insured, National Farmers has provided us with no meaningful distinction between the named insured's first permittee and a second permittee in terms of risk assessment—at least when compared to risk assessment regarding deviation from restricted use. Neither the policy in this case nor the Mandatory Financial Responsibility Act limits the class of persons to whom the named insured may lend his or her vehicle. The risk assumed under the policy is not based on the condition that only certain individuals have exclusive authority to operate the subject vehicle. Nor is the risk based on the condition that named individuals may not operate the subject vehicle.

■ *The policy's own omnibus clause provides coverage to permittees of permittees who use the vehicle for the purpose for which initial permission was given.* Exceptions may develop in the application of the general principle stated above with respect to the insured's restrictions on other drivers. Nonetheless, we find the principle particularly applicable when, as here, the insurance policy extends coverage to "[a]ny person using [the named insured's] car, if its *use* is within the scope of [the named insured's] consent." (Emphasis added.) The parties do not dispute the fact that David had permission to drive the vehicle to school and had permission to run some errands for his mother. The accident occurred while David and Natalie were running errands and thus oc-

curred while the vehicle was being used for a permitted purpose.

A number of jurisdictions have adopted the rule that as long as the vehicle is being used for the purposes for which initial permission was given, an insurance policy's omnibus clause provides coverage to any person operating the vehicle, regardless of whether the named insured expressly forbids his or her permittee to allow another person to operate the vehicle. *See, e.g., Allstate Ins. Co. v. Nationwide Mut. Ins. Co.,* 273 A.2d 261, 263 (Del.1970) (holding that once named insured gives permission for a particular use, coverage extends to all persons operating vehicle for that use); *American Fire & Casualty Co. v. Blanton,* 182 So.2d 36, 39 (Fla.Dist.Ct.App. 1966) (same); *Lyons,* 400 A.2d at 352 (same); *Nationwide Gen. Ins. Co. v. GEICO,* 81 Md. App. 104, 566 A.2d 1117, 1124 (1989) (same); *Odolecki,* 264 A.2d at 42 (same); *Thompson v. Ryan,* 547 P.2d 1340, 1341 (Utah 1976) (same). These cases are based upon the reasoning set out in *Indemnity Insurance Co. v. Metropolitan Casualty Insurance Co. of New York,* 33 N.J. 507, 166 A.2d 355 (1960).

In *Indemnity Insurance* the New Jersey Supreme Court recognized a difference between "operation" of a vehicle and "use" of a vehicle.

> [In the] context [of an omnibus clause] the words *use* and *operation* are not synonymous. The *use* of an automobile denotes its employment for some purpose of the user; the word *"operation"* denotes the manipulation of the car's controls in order to propel it as a vehicle. *Use* is thus broader than *operation.*

*Id.* 166 A.2d at 358. Similar to our task in this case, the New Jersey court interpreted an omnibus clause that extended coverage to "any person while using the automobile ... provided the actual use is with ... [the named insured's] permission." *Id.* The court said that

> Since in this context the words *operation* and *use* have different meanings and the omnibus clause requires only that the *use* of the automobile be with the permission of the named insured, any prohibition as to the *operation* of the automobile is immate-

rial to a determination of coverage. Thus, even though a driver has been expressly prohibited from *operating* the car, he is covered if the car was being *used* for a purpose permitted by the named insured.

*Id.* At least one court has recognized that the rule of *Indemnity Insurance* is consistent with the purpose and policy established by financial responsibility acts. *See Odolecki,* 264 A.2d at 42. We agree and conclude that the policy language makes the general initial-permission rule particularly applicable to this case.

*Conclusion.* The decision of the trial court is reversed. This matter is remanded for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

BACA, C.J., and MINZNER, J., concur.